**Robert N. HAYES, Jr., No. 1863, Appellant,**

v.

**SECRETARY OF DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 71–1325.**

United States Court of Appeals, Fourth Circuit.

Jan. 25, 1972.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Plaintiff, as disclosed by the covering letter of Patuxent Institution transmitting his pro se pleading, is a "patient" at Patuxent Institution. He sued the Secretary of the Maryland Department of Public Safety.[1] The Secretary is the head of the department, Ann.Code of Md., Art. 41, § 204 (1971 Replacement Vol.) and the department includes the Patuxent Institution and the Maryland State Police, Ann.Code of Md., Art. 41, § 204A; Art. 31B, § 2; Art. 88B, § 23 (1971 Replacement Vol. and 1971 Supp.). Plaintiff alleged acts of misconduct on the part of the custodial force (presumably of the Institution), i. e., beating a named inmate, using mace and practicing brutality on other named inmates, withholding food from inmates because they protested, stealing food of inmates, beating and chaining two other inmates for misconduct and failing to provide medical treatment to inmates who were ill. Plaintiff alleged that he had requested both the defendant and the State Police at Waterloo, Maryland (a barrack near Patuxent Institution) and, in particular Trooper W. F. Lefevre, to investigate these complaints against the authorities at Patuxent, but that he received no replies. Invoking jurisdiction under 28 U.S.C.A. § 1343, plaintiff prayed an injunction to restrain the State Police "from the continue discriminating against inmates when it comes to filing and investigating complaints of inmates against institution authorities for brutality and violation of the public laws [sic]."

The district court allowed the pleading to be filed in forma pauperis, but, without requiring an answer, dismissed it as

---

1. The complete name of the department is Department of Public Safety and Correctional Services.

frivolous. It assigned as reasons for that conclusion:

1. No exhaustion of State remedies, administratively, through the appropriate State's Attorney or the Attorney General of Maryland or through the State courts, is alleged.

2. No evidence of discrimination is alleged or indicated, in that there is no allegation that similar inquiries made by inmates of other institutions, or by the public at large, have been answered.

3. No showing has been made that Trooper Lefevre had any authority to investigate complaints, or to reply to them.

4. The court is not aware of any holding that each individual citizen has a civil right to require an answer to any complaint made even with respect to himself, much less others, or to a request for an investigation.

We disagree. We reverse the judgment of dismissal and remand for further proceedings.

Viewed with the liberality that must be afforded pro se pleadings, plaintiff has alleged a cause of action under 42 U.S.C.A. § 1983, of which the district court had jurisdiction under 28 U.S.C.A. § 1343. In essence plaintiff has alleged a violation of the rights of inmates to be afforded due process and not to be subjected to cruel and unusual punishment and, indeed, plaintiff has also alleged misconduct of the type mounting up to acts made criminal by the law of Maryland, e. g., common law assault and battery. Plaintiff has alleged that he reported the matters both to the defendant and the Maryland State Police and requested an investigation and corrective action. While the district court treated the essence of his complaint as one of the failures of defendant and the police to report to him, we do not read his allegation so technically or so narrowly. Rather, it seems to us that plaintiff is saying that on information and belief

nothing has been done. As we will elaborate later, we think that a good cause of action may have been alleged against the police[2] and the complaint contains allegations that would support a request for relief against defendant in his administration of Patuxent Institution.

We respond to the reasons of the district court for dismissal:

■ 1. Exhaustion of state remedies, administratively or through the state courts, is not a prerequisite to the exercise of federal jurisdiction under the Civil Rights Act of 1871. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961); Liles v. South Carolina Department of Corrections, 414 F. 2d 612 (4 Cir. 1969). See also, Damico v. California, 389 U.S. 416, 417, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967) (per curiam); McNeese v. Board of Educ., 373 U.S. 668, 671–672, 83 S.Ct. 1433, 10 L. Ed.2d 622 (1963) (alternative holding). While Maryland has recently established an Inmate Grievance Commission, Ann. Code of Md., Art. 41, § 204F (1971 Supp.), to determine and recommend the proper redress for meritorious grievances of inmates of Patuxent and other correctional institutions, we take judicial notice of the fact that the Commission is not yet fully operative. When it is, there will be time enough for the Supreme Court to determine if Monroe v. Pape, and, we, our own decisions, should be reexamined. That time is not the present.

■ 2. It is true that plaintiff does not specifically allege that charges of law violations by inmates of other institutions or the public at large have been investigated by the Maryland State Police, and that reports of investigations have been made. But, as we have said, we can only conclude that plaintiff is alleging police inaction. Unless we presume that there has been a major breakdown of the police function, we can assume that complaints of law violation by the public at large are investigated where they are

---

2. Since the complaint was dismissed summarily, we treat as proven the factual allegations therein. Whether the allegations are proven must await the time of trial or proof offered in support of a motion for summary judgment.

as pointed and specific as those alleged by plaintiff, and even that some of the complaining parties do receive some word of the outcome of the investigation. We think that plaintiff has, therefore, indicated discrimination by his allegations.

■ 3. Whether Trooper Lefevre has authority to investigate complaints or to reply to them is largely irrelevant, because plaintiff has alleged that he also complained to defendant, the overall administrative head of both Patuxent Institution and the Maryland State Police, who, unquestionably, had authority to act and to direct others to act. At the same time, we would assume that every police officer has authority to receive a report of a violation of law and authority to set in motion a proper investigation of the case.

4. While the district court read plaintiff's complaint narrowly to allege that plaintiff was entitled to a report of the investigation he requested, we read it as an allegation, on information and belief, that no investigation was undertaken. When the allegation is so read, plaintiff's theory of his case is novel. It is that the police can investigate charges of brutality and misconduct against correctional officials made by inmates where the alleged brutality and misconduct are a violation of civil rights and are so aggravated as to amount to a violation of state law. We know of no authority to sustain the proposition, yet we are certainly not prepared to reject it summarily, as did the district court, without requiring a responsive pleading and, if there is an issue of fact, an evidentiary hearing. Although under Monroe v. Pape, supra, and its progeny, we think that we presently lack authority to require exhaustion of state remedies, the states are certainly to be encouraged to deal with complaints of institutional brutality through their own police, through their own courts and through their own administrative procedures, rather than to constitute the federal courts the sole instrument for redress of inmates' grievances.

■ Some additional comments should supplement our conclusion that plaintiff has alleged a cause of action immune to summary dismissal. First, it appears that plaintiff may have an additional cause of action under the Civil Rights Act of 1871 against the officials of Patuxent Institution to require that it be administered in such a manner as not to violate the rights of those who are subjected to its treatment. It is true that plaintiff has not alleged that brutality or other misconduct has been practiced on him, but he has, in effect, alleged that he is part of an institutional population which must live from day to day under the constant threat of brutality and misconduct. It would seem, therefore, that plaintiff is "injured," is a member of a class which is "injured" and is thus competent to maintain a class action for himself and others similarly situated. Jackson v. Bishop, 404 F.2d 571 (8 Cir. 1968); Holt v. Sarver, 309 F.Supp. 362 (E.D.Ark.1970), aff'd 442 F.2d 304 (8 Cir. 1971); Morris v. Travisono, 310 F.Supp. 857 (D.R.I. 1971). See, also, Barrows v. Jackson, 346 U.S. 249, 257, 73 S.Ct. 1031, 97 L. Ed. 1586 (1953); Smith v. Board of Education, 365 F.2d 770, 776 (8 Cir. 1966); Gregory v. Litton Systems, Inc., 316 F.Supp. 401, 403–404 (C.D.Cal. 1970); Note, Limiting The Section 1983 Action In The Wake of Monroe v. Pape, 82 Harv.L.Rev. 1486, 1495, 1497 (1969). Second, with regard to the cause of action which plaintiff has alleged, judicial time would be conserved by a sharpening of the allegations and a refinement of the legal theory or theories under which plaintiff proceeds. These considerations lead us to direct that on remand the district court appoint counsel to represent plaintiff and direct that an amended complaint be filed within a reasonable time before a responsive pleading is required. Cf. Holt v. Sarver, 442 F.2d 304, 305 (8 Cir. 1971); Jackson v. Bishop, 404 F.2d 571, 572–573 (8 Cir. 1968).

Reversed and remanded.