**John Nikolas HYDE**

v.

**Preston L. FITZBERGER, Warden, Maryland Penitentiary.**

**Civ. A. No. 70–1448–W.**

United States District Court,
D. Maryland.

Nov. 7, 1973.

John Nikolas Hyde, pro se.

Francis B. Burch, Atty. Gen. of Md., Donald R. Stutman, Alfred J. O'Ferrall, Asst. Attys. Gen., for defendant.

WATKINS, Senior District Judge.

### MEMORANDUM OPINION AND ORDER

Plaintiff, John Nikolas Hyde, presently incarcerated in the Maryland Penitentiary, instituted this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 on December 21, 1970. The basis of the complaint deals with an alleged refusal by the Defendant, on August 20, 1970, while acting in his official capacity as Warden, to allow Plaintiff to use the title "Reverend" on his outgoing mail. Leave to file in forma pauperis was granted on December 22, 1970. The Defendant, through the Attorney General of Maryland, answered on January 21, 1971, and Plaintiff filed a rebuttal on January 26, 1971. The case stands in that same posture today as it did on January 26, 1971.

The passage of nearly two years without action by either party or any prodding by this Court is the inevitable result of what Chief Judge Northrop has described as "the toll [of] the meteoric

rise in the number of prisoner petitions filed in recent years." McCray v. Burrell, et al., 367 F.Supp. 1191 (D.Md. Oct. 16, 1973).

While this Court, as a normal practice, would issue a thirty day order pursuant to Rule 33 of the Rules of the United States District Court (Maryland) requiring Plaintiff to demonstrate his intention either to pursue his case or suffer dismissal without prejudice for want of prosecution, in light of the McCray case (recently decided by Chief Judge Northrop of this Court) this procedure will not be utilized. Instead, Plaintiff will be directed, if he still wishes to press his case, to seek relief with the Inmate Grievance Commission. It is for just such claims as Plaintiff's that the Commission can probably be most effective.

The disposition of this case relies, of course, on Chief Judge Northrop's very well reasoned opinion in McCray. This Court is in agreement with the reasoning expressed therein and would choose to adopt a similar path in this case on the basis of that reasoning with just a few comments.

As Chief Judge Northrop points out, the requirement of exhaustion of administrative remedies by a prisoner civil rights plaintiff is not "encouraged" by the cases. Reliance must be placed on Hayes v. Secretary of Department of Public Safety, 455 F.2d 798 (4 Cir. 1972) in which the Court of Appeals, in reversing this writer's dismissal of a § 1983 claim, stated at page 800:

> While Maryland has recently established an Inmate Grievance Commission . . . to determine and recommend the proper redress for meritorious grievances of inmates of Patuxent and other correctional institutions, we take judicial notice of the fact that the Commission is not yet fully operative. When it is, there will be time enough for the Supreme Court to determine if Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 and we, our own decisions, should be reexamined . . . .

The time is now for such a reevaluation. The basic argument is and must be that the Commission is by far faster and more effective in dealing with such complaints. Plaintiff loses nothing since he may always seek federal relief if he is unsuccessful administratively. In the instant case, the two year delay engendered by the heavy influx of similar complaints would probably have been avoided either by prompt administrative success or a relieved federal docket facilitating prompt attention to Plaintiff's exhausted complaint.

Moreover, the types of questions dealt with are inevitably those involving an area in which the legitimate state interest is most persuasively asserted. Necessarily, prisoner claims asserted in federal court must, perforce, cause friction in federal-state comity comparable to that of federal habeas corpus interference with the state criminal justice system. In habeas corpus, exhaustion of adequate remedies is utilized to avoid this problem. Similarly, McCray seeks to address a similar problem in a similar manner.

The policing of the results of the Commissions' work by the Federal District Court is, of course, necessary to avoid deterioration of its noble efforts at conciliation into a mere formal prerequisite for federal relief. To this end, no civil rights complaint is foreclosed from being brought in federal court, merely possibly postponed. Certainly federal habeas corpus has been effectively utilized in insuring federal rights to state petitions notwithstanding the exhaustion requirement. There is no reason to believe any different result would obtain in the instant case.

Finally, this Court is of the view that the greater familiarity of the Commission with the day to day operations of the prisons and general attitudes of the population and staff will provide it with a surer index of the veracity and importance of a given complaint, certainly, a far better grasp than is available to the Court. The result should be that the complainant initially will confront a

knowledgeable internal tribunal able to cull the meritorious from the frivolous.

For the reasons hereinabove stated, the complaint is dismissed without prejudice to its reinstitution upon exhaustion of the administrative remedy provided by Chapter 210 of the Laws of Maryland, 1971, to wit: The Inmate Grievance Commission.

Leave to file in forma pauperis has heretofore been granted.