**SIEGEL et al. v. RAGEN et al.**

**No. 49 C 47.**

United States District Court
N. D. Illinois, E. D.
June 17, 1949.

Luis Kutner, Chicago, Ill., for plaintiffs.

Ivan A. Elliot, Atty. Gen., of State of Ill., Henry F. Tenney, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

This is an action under the Civil Rights Act, 8 U.S.C.A. § 43, brought on behalf of the plaintiffs and all others similarly situated. Plaintiffs are all inmates of State penitentiaries—two at Stateville and one at Menard. They allege that the rights and privileges granted to them under the Eighth and Fourteenth Amendments to the United States Constitution have been violated. More specifically, the amended complaint sets forth the following allegations:

(a) HARP—(1) That defendants have beaten him, and that defendant Ragen made the statement, "I will kill you before you get out of here"; (2) That, as a result of the above beatings, plaintiff has become seriously injured and in need of medical attention. He claims, however, that he is afraid to have a necessary operation performed, lest he be put to death in the process; (3) That Ragen, on two occasions, destroyed petitions for writs of habeas corpus; (4) That he has been tried for prison rule infractions by a method known as "trial by ticket", thereby depriving him of his liberty without due process; (5) That plaintiff has deposited certain valuables with Ragen for which he was given a receipt for only 1¢; (6) That Ragen has mismanaged and misused the prisoners' Amusement Fund; (7) That defendants maintain a system of isolation confinement, which is cruel and inhuman, for minor infractions of prison rules of which the prisoners have no knowledge.

(b) MEYER—(1) That plaintiff is a habeas corpus expert and that Ragen abolished the "legal department" which plaintiff was directed to establish at the prison by a judge of this Court; (2) That plaintiff was placed in solitary confinement because of a document found in his cell of which he had

no knowledge; (3) That plaintiff has been placed in segregation as a result of a dining room disturbance, in which plaintiff in no way participated; (4) That Ragen confiscated plaintiff's personally owned typewriter, thereby depriving him of his legal right to assist in the prosecution of this action and an appeal to the Illinois Supreme Court; (5) That plaintiff's health is impaired as a result of his segregation confinement; (6) Same as (5) and (6) of (a).

(c) SIEGEL—(1) That Ragen wrongfully accused plaintiff of stating to other inmates that Ragen had stolen $20,000 from the prisoners' Amusement Fund; that as a result of this encounter, Ragen had plaintiff placed in segregation for several months and then transferred to the Menard prison; (2) That the transfer was cruel and inhuman, and was for the purpose of inflicting humiliation, agony and physical and mental torture; (3) Same as (5) and (6) of (a).

It is further alleged that Ragen has not read the Rules and Regulations of the Prison to the prisoners as required by the Statutes of Illinois; that Ragen has not credited earned interest to a trust fund which is the separate property of the inmates of the prison; that the officials of the prison have had watches and automobiles repaired in the prison shops without cost and without compensating the inmates who performed the work; that special privileges have been granted to certain inmates; that the food has been inferior and that the officials of the prison appropriate the best food for themselves and in greater quantities than is their just proportion.

Defendants duly moved to strike the complaint and dismiss the action for the following reasons; (a) The complaint fails to state a cause of action under the Constitution or the laws of the United States; (b) That the allegations are insufficient to constitute a federal violation under the Civil Rights Act or to fall within the terms of the United States Constitution or any Amendment thereto; (c) The facts alleged in the complaint fail to show that plaintiffs were deprived of any rights, privileges and immunities accorded them under the Constitution or laws of the United States; or that they have been discriminated against by reason of race, color or otherwise, within the scope of the Fourteenth or Fifteenth Amendments; (d) The complaint shows that the matters alleged are solely matters of State law; (e) The Court has no jurisdiction because (1) there is no diversity of citizenship and (2) plaintiffs, by reason of their convictions have lost their status as citizens; (f) The complaint abounds in scandalous, redundant and immaterial matters; (g) The complaint offers mere conclusions of plaintiffs.

The pertinent section of the Civil Rights Act states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 8 U.S.C.A. § 43.

■ The fact that plaintiffs are incarcerated in a penitentiary under convictions for felonies, does not deprive them of the right to invoke the provisions of the Civil Rights Act, since that Act applies to any person within the jurisdiction of the United States. Sellers v. Johnson, D.C., 69 F.Supp. 778; Gordon v. Garrson, D.C., 77 F.Supp. 477, 479.

■ Under the present state of the law, misuse of power by a state official is action taken under color of a statute within the meaning of the Civil Rights Act, and would render an official liable therefor. In the case of Gordon v. Garrson, supra, Judge Lindley ably sets forth the current law on the subject: "It is clear that misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of the state, is action taken 'under color of any statute' within this section. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240. Discussing Sections 51 and 52 of Title 18 [Revised 18

U.S.C.A. §§ 241, 242], which must be construed in pari materia with the section in issue (Picking v. Pennsylvania R. Co., supra) the Supreme Court said recently, in Screws v. United States, supra, 'The problem is not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right by one who acts under 'color of any law'. He who acts under 'color' of law may be a federal officer or a state officer. He may act under 'color' of federal law or of state law. The statute does not come into play merely because the federal law or the state law under which the officer purports to act is violated. It is applicable when and only when some one is deprived of a federal right by that action.' ".

 Since, therefore, the authority which the defendants exercise is derived from the Illinois Statute creating and regulating the Department of Public Safety, it would appear that they are acting under the color of statute, within the meaning of the above-cited cases. However, even though it is determined that the acts of the defendants fall within the scope of the Civil Rights Act, it still remains to be seen whether the rights allegedly violated are within the purview of the Federal Constitutional protections. There is very little case authority in regard to the rights of inmates of a penitentiary. The majority of civil rights cases are concerned with infringement of rights upon arrest, during trial, etc. The case of Gordon v. Garrson, supra, is the only reported case wherein a convicted State prisoner is involved. "As to defendant Irwin, the suit is against him in his capacity as representative of the state, so as to bring the provisions of the Civil Rights Act into play. Plaintiff identifies him as Warden or Superintendent of the Illinois State Farm and implies at least, that the injuries resulted because of failure of defendant to exercise care, as Superintendent, for plaintiff's well-being. Plaintiff avers that after he had been struck and beat over the head with a black-jack by an officer, resulting in infection of the middle ear and complete deafness in that ear, he was dragged to a sub-basement solitary cell and chained by the wrist for 18 hours; that,

by order of defendant, he was placed and kept in the solitary cell for 92 days incommunicado; that, subsequently, by order of Irwin, he was fed bread and water 6 days a week, with one full meal every seventh day, for 92 days; that, with knowledge of Irwin, during that period, plaintiff was forced to sleep on a wet cement floor on a wet blanket; that, with knowledge of Irwin, he was starved, mistreated and inhumanly punished from November 10, 1942 until February 8, 1943; that he was allowed one bath by Irwin and that he was compelled to walk in his stocking feet in snow the distance of a city block to obtain that. These averments, it seems to me, state a legitimate cause of action under the Civil Rights Act against Irwin."

This Court concurs in the conclusion of law asserted in the above case, but only insofar as it applies to the infliction of serious physical injury upon an inmate of a prison by the authorities thereof. This result, however, is dictated by the language of the Fourteenth Amendment which states, "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws", rather than that of the Eighth Amendment, which enjoins the infliction of cruel and inhuman punishments. The latter Amendment has no application to action on the part of any State.

 This Court is prepared to protect State prisoners from death or serious bodily harm in the hands of prison authorities, but is not prepared to establish itself as a "co-administrator" of State prisons along with the duly appointed State officials. All the remaining matters alleged in the amended complaint are strictly matters of internal administration and discipline, and it is not the function of a Federal Court to assume the status of an appellate tribunal for the purpose of reviewing each and every act and decision of a State official. If the remaining allegations could be proved, proper remedial action by the State of Illinois would be well-advised, but it does not follow from this fact that the plaintiffs possess any vested rights, protected by the

Constitution of the United States which have been invaded. For example, Meyer has no constitutional right to practice law by way of preparing habeas corpus petitions for other prisoners; Siegel has no constitutional right to be incarcerated in one prison rather than another; nor do any of the plaintiffs possess a vested property interest in the Amusement Fund of a sort that they cannot be deprived of it without depriving them of their constitutional rights. Even the allegation of plaintiff Harp that Ragen destroyed a petition for a writ of habeas corpus is insufficient, for it fails, among other things, to set forth that it was Harp's own petition. Moreover, the fact that he was able to bring this action makes it highly improbable that he was prevented from filing his petition for a writ of habeas corpus. It is true, that in the past, certain prisoners were prevented from filing such petitions, but that situation has now been remedied. At present, there are hundreds of petitions pending before the Court of this district. Consequently, there is ample grounds for this Court to take judicial notice that, as a general rule of practice, complete freedom to file petitions for writs of habeas corpus is granted to the inmates of the State penitentiaries.

Since, therefore, plaintiffs Siegel and Meyer have not alleged the infliction of serious bodily harm, they have failed to state a cause of action under the Civil Rights Act for the reasons stated above, and their action must be dismissed. Similarly, the remaining allegations of plaintiff Harp must be stricken, and he will be restricted to his action for damages for the physical injury inflicted upon him. From this it follows that this is not a proper class action, and no recovery can be had on behalf of other inmates of the penitentiary.

Defendant's motion to dismiss the complaint is, therefore, granted as to plaintiffs Meyer and Siegel, and the same is hereby dismissed as to them. Defendant's motion to strike is granted as to all matters alleged by plaintiff Harp except wherein it is alleged that he suffered serious bodily injury.