**Charles A. L. ALMOND, Appellant,**

v.

**John E. KENT, Sheriff of Augusta County, Virginia, et al., Appellees.**

**No. 71–1160.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1972.

Decided April 10, 1972.

J. Francis Paschal, Durham, N. C. (Court-appointed), for appellant.

John M. Oakey, Jr., Richmond, Va., and Philip Lee Lotz, Staunton, Va. (McGuire, Woods & Battle, Richmond, Va., and Lotz, Black, Coleman & Gudal, Staunton, Va., on brief), for appellees.

Before WINTER and BUTZNER, Circuit Judges, and CHAPMAN, District Judge.

WINTER, Circuit Judge:

Charles A. L. Almond a prisoner incarcerated under state process, filed suit on July 15, 1969, under 42 U.S.C.A. § 1983 for deprivation of civil rights against John E. Kent, Sheriff of Augusta County, and the Augusta County Division of the Virginia State Police. Almond alleged that, on or about November 12, 1967, (1) the Virginia State Police unreasonably beat him with resulting physical injuries, (2) his shoes were taken from him at the Augusta County Jail, (3) he was placed in "isolation" and was denied visits from his wife and family, and (4) the $50,000.00 bail set for him was excessive. By a later pleading, Sergeant Gaunce and Troopers Davis and Brown of the Virginia State Police were added as defendants.

The district court, 321 F.Supp. 1225, dismissed the complaint on the ground that plaintiff had not sued by committee in accordance with Virginia law, made applicable to the district court by Rule 17(b), F.R.Civ.P., and that as to Gaunce, Davis and Brown, who raised the issue, suit was barred by the Virginia statute of limitations since it was not brought within one year after the happening of the events complained of. As to the defendant Kent, the district court also decided that no cause of action under the Act had been alleged against him.[1] We disagree with regard to plaintiff's incapacity to sue in his own right, and with regard to the applicable period of limitations, and so we remand for further proceedings. While the allegations concerning Sheriff Kent may or may not state a cause of action, we think that on remand plaintiff, with the aid of counsel to be appointed to represent him, should be afforded the opportunity to amend his allegations with respect to Sheriff Kent, as well as to restate and sharpen his allegations with regard to the other defendants.

I

Rule 17(b), F.R.Civ.P., provides that the capacity of an individual to sue or be sued shall be determined by the law of his domicile. Since Almond was apparently domiciled in Virginia prior to his conviction for burglary, it is to the law of Virginia that the federal courts must look in determining Almond's capacity to sue. The Virginia statutes provide for the appointment of a committee for the property of a person convicted of a felony and sentenced to confinement for one year or more; they also provide for the appointment of a committee for such a person, whether a resident or nonresident of Virginia, who has no property or estate in Virginia. 7 Va.Code Ann. §§ 53–305 and 53–306 (1957 Repl.Vol.).[2] 7 Va.Code Ann. § 53–307 (1957 Repl. Vol.) next states that such a committee may sue and be sued in respect to all

---

1. The district court also ruled that "Augusta County Division, Virginia State Police" is not suable under § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). This holding is not challenged on appeal.

2. The record does not appear to reflect Almond's exact sentence but the parties have all proceeded on the basis that it was for at least one year so as to make these statutes operative.

claims or demands of every nature in favor of or against such a convicted person, and specifically that "[n]o action or suit on any such claim or demand shall be instituted by or against such convict after judgment of conviction, and while he is incarcerated." If applied literally, § 53–307 would, therefore, require the appointment of a committee for Almond in order to permit him to institute suit under § 1983.

It has not been determined by any court whether § 53–307 was intended to apply to suits instituted in a federal court in Virginia under § 1983; and it is unlikely, if not impossible, that the courts of the State of Virginia will ever be asked to pass upon the question.

The present Virginia statutes are the outgrowth of an earlier statute designed to alleviate the consequences of the common law rule which permitted one convicted of a felony to be sued but not to appear in court to defend his case. Merchant's Adm'r v. Shry, 116 Va. 437, 82 S.E. 106 (1914). In *Merchant's Adm'r* the earlier statute was said to require a committee in all actions "respecting . . such convict." 82 S.E. at 110. The reviser's note to § 53–307's identical predecessor, enacted in 1919 (to replace a similar 1887 provision), stated that it was the intention to codify the rule stated in *Merchant's Adm'r.* 7 Va.Code Ann. § 53–307, ed. note (1957 Repl.Vol.).

The rationale of the Virginia statute would not seem to involve any state interest that Rule 17(b) was designed to preserve. Virginia does not declare prisoners to be civilly dead; they can convey realty and execute contracts. Haynes v. Peterson, 125 Va. 730, 100 S.E. 471 (1919). Their only incapacity was their inability to sue, and this was remedied by the statutes enacted for their benefit. Merchant's Adm'r v. Shry, supra. The statute, moreover, does not appear to make the appointment of a committee discretionary. The language is that a "committee *shall* be appointed for him." (emphasis added) § 53–306. Accord § 53–305; Merchant's Adm'r v.

Shry, 82 S.E. at 110. To require the statute to be observed in the case of a suit under § 1983 would serve only to delay the assertion of federal rights and to frustrate them if the appointment of a committee and the institution of suit by the committee could not be accomplished before the bar of limitations was interposed.

Other courts have held that statutes rendering prisoners *civiliter mortuus* cannot affect their capacity to maintain a suit under § 1983 despite Rule 17(b). McCollum v. Mayfield, 130 F.Supp. 112 (N.D.Cal.1955), aff'd. sub nom. Weller v. Dickerson, 314 F.2d 598 (9 Cir. 1963), cert. den., 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963); Beyer v. Werner, 299 F.Supp. 967 (E.D.N.Y.1969); Siegel v. Ragen, 88 F.Supp. 996 (N.D.Ill.1949), aff'd., 180 F.2d 785 (7 Cir. 1950), cert. den., 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391 (1950), rehearing den., 340 U.S. 847, 71 S.Ct. 12, 95 L.Ed. 621 (1950). The district court thought these cases distinguishable, since they concerned statutes making suit by a convict totally impossible; but in *McCollum*, we observe that the California statute allowed the Adult Authority discretion to restore a prisoner's rights which it had not done in that case. 130 F.Supp. at 115–116. We, therefore, think that this distinction between the Virginia and the California statutes is tenuous and insubstantial. It seems to us that McCollum, Beyer and Siegel were looking more to the relationship between Rule 17(b) and § 1983 than to the function of the applicable state statute.

While in *McCollum, Beyer* and *Siegel*, the total incapacity to sue of the one incarcerated may have led those courts to conclude that for vindiction of a right under § 1983 which has been denied one need only be a person within the literal meaning of § 1983, plaintiff's situation may be even more aggravated. By the Virginia statutes, only his right to sue in an individual capacity is suspended. But, as has been noted, this may result in complete deprivation of his rights if a committee is not appointed promptly.

Moreover, if a committee does not institute the suit promptly, the prisoner's rights may be lost since the Virgina statute of limitations is not tolled during the period of incarceration, as it is in many states treating a prisoner as incapable of maintaining litigation. Compare 2 Va. Code Ann. § 8–30 (1957 Repl.Vol.) (limitations suspended for infants and insane persons only) with Ill.Ann.Stat. ch. 83 § 22 (1966) and Cal.Code Civ.P. § 352 (West 1954) (limitations suspended for prisoners).

■ We, therefore, conclude that for purposes of suits under § 1983, the language of § 1983, affording the right to sue to "any citizen of the United States . . . within the jurisdiction thereof," who has been deprived of any right, privilege or immunity, should prevail over the conflicting policy purportedly expressed in Rule 17(b) when applied in the light of the rationale of Virginia statutes. Indeed, this is the result we reached in Sewell v. Pegelow, 291 F.2d 196, 198 (4 Cir. 1963), citing *Siegel* with approval, although the Virginia committee statute was neither pressed nor considered. See also, Brown v. Peyton, 437 F.2d 1228, 1230, 1233 (4 Cir. 1971); Abernathy v. Cunningham, 393 F.2d 775 (4 Cir. 1968).

## II

Congress has not enacted a statute of limitations applicable to suits arising under § 1983. In such circumstances federal courts follow the limitations period fixed by the law of the state in which the *district court* is held. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Unlike some other states, Virginia has not enacted a statute of limitations which is specifically made applicable to § 1983 suits.[3] We must, therefore, grapple with the Virginia general statute of limitations. 2 Va.Code Ann. § 8–24 (1957 Repl.Vol.), which the

parties agree is the one to be applied. It reads:

> Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued . . . .

The district court, after considering the statute and the case law construing it, held that the one-year period of limitations applied to all aspects of Almond's claims. In this appeal, no party seriously urges the correctness of this result. Almond suggests that his claim should be fragmented with the two-year period (beating and other personal injuries) and the five-year period (all other alleged causes of action, if any) each applying in part. Gaunce, Davis and Brown concede that to the extent the complaint claims damages for personal injury, the two-year period applies, Greeson v. Sherman, 265 F.Supp. 340 (W.D.Va.1967), but they argue that the five-year period is inapplicable, Westover Court Corporation v. Eley, 185 Va. 718, 40 S.E.2d 177 (1946), and that strong public policy dictates resort to the one-year period. Kent, because he is unaffected, takes no position.

■ We agree that, to the extent that Almond's § 1983 complaint alleges a violation of his constitutional rights resulting in personal injuries of the type that would be actionable at common law, the Virginia two-year period unquestionably applies. But this is so, not because there was a right of recovery at common law

3. See, for example, the reference to the Colorado statute in Salazar v. Dowd, 256 F.Supp. 220 (D.Col.1966). Because of the rising tide of § 1983 suits against state officials and the difficulty of apply- ing a statute enacted primarily to deal with different types of litigation, Virginia may well wish to consider the enactment of a similar statute.

but because there was a violation of a constitutional right not to be beaten. We think it follows that the Virginia two-year period applies to all other rights which may be redressed under § 1983 by the recovery of money damages. Section 1983 creates a federal cause of action, unknown at common law, "[for] the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States] . . ." This right of recovery depends upon federal considerations, and it is not one which is concerned with the archaic concepts of survivability of the common law. Barnes Coal Corp. v. Retail Coal Merchants Assn., 128 F.2d 645 (4 Cir. 1942). See also, Brazier v. Cherry, 293 F.2d 401 (5 Cir. 1961), cert. den. 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961); Pritchard v. Smith, 289 F.2d 153 (8 Cir. 1961). In essence, § 1983 creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, every cause of action under § 1983 which is well-founded results from "personal injuries." Under Virginia law, it is the object of litigation which determines the applicability of a statute of limitations not the form in which suit is instituted. Birmingham v. Chesapeake & Ohio Railway Co., 98 Va. 548, 37 S.E. 17 (1900); Friedman v. Peoples Service Drug Stores, 208 Va. 700, 160 S.E.2d 563 (1968). See also, Caudill v. Wise Rambler, Inc., 210 Va. 11, 168 S.E.2d 257 (1969). Hence, our conclusion that the Virginia two-year period of limitations, applying to "*every* action for personal injuries" (emphasis added), applies generally to § 1983 suits.

Even if we conclude that a § 1983 action is not a suit for "personal injuries" within the Virginia concept of that type of litigation, it is "more serious than a violation of a state right . . . even though the same act may constitute both a state tort and the deprivation of a constitutional right." Monroe v. Pape, 365 U.S. 167, 196, 81 S.Ct. 473, 488 (1961) (Harlan, J., concurring). Accordingly, we think that it more properly belongs at the two-year step in Virginia's statute of limitations scale of values. It is more important than those transitory torts for which a one-year period is prescribed, and it is not to redress damage to property and estate for which Virginia prescribes a five-year period. See Westover Court Corp. v. Eley, 185 Va. 718, 40 S.E. 2d 177 (1946).

### III

■ We agree with the district court that with respect to his shoes and the amount of bail which was set, Almond alleged no cause of action under § 1983. The former would appear frivolous, and, with regard to the latter, there is no allegation that Sheriff Kent, or any other defendant, played any part in setting bail.

■ We do not agree that the allegations as to being placed in "isolation" necessarily failed to state a cause of action as to Sheriff Kent. It is not inconceivable, when we read a pro se pleading with the liberality to which it is entitled, that the "isolation" may have been so unreasonably harsh as to amount to cruel and inhuman punishment, and in that event, a cause of action under § 1983 would have been alleged.

But even if the allegations of the complaint are read not to allege a cause of action against Sheriff Kent, the case must be remanded for determination on the merits as to Gaunce, Davis and Brown. As to them, "judicial time would be conserved by a sharpening of the allegations and a refinement of the legal theory or theories under which plaintiff proceeds," Hayes v. Secretary of Department of Public Safety, 455 F.2d 798 (4 Cir., 1972). Accordingly, counsel should be appointed to represent plaintiff and an amended complaint should be required to be filed within a reasonable time before a responsive pleading is required. Leave to amend should include the right to amend as to Sheriff Kent if counsel determines that responsibly a cause of action can be alleged against him.

Reversed and remanded.