Robert J. WILKINSON, Jr., Plaintiff,

v.

Dr. Dana B. HAMEL, and Dr. Harold H. Hopper, Defendants.

Civ. A. No. 74-C-86-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 7, 1974.

See also D.C., 381 F.Supp. 766.

Robert J. Wilkinson, Jr., in pro per.

Walter H. Ryland, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

Robert J. Wilkinson, Jr., plaintiff, has filed this complaint *pro se* on behalf of himself and all other teachers in the Virginia Community College System similarly situated against Dr. Harold H.

Hopper, President of Virginia Western Community College, and Dr. Dana B. Hamel, Chancellor of the Virginia Community College System. In his complaint, the plaintiff alleges violations of 42 U.S.C. §§ 1983 and 1985 because of Virginia Western's refusal to renew his teaching contract and seeks reinstatement for himself, $300,000 in compensatory damages, and $200,000 in punitive damages. This court has jurisdiction pursuant to 42 U.S.C. § 1983. The gravamen of plaintiff's suit is that Virginia Western's termination of his teaching services violated due process and was in retaliation for his organizing and participating in a Faculty Senate, such activity being protected by the First and Fourteenth Amendments. Because this action is barred by the applicable statute of limitations, this court need not rule on the merits of these contentions.

Plaintiff was employed as an instructor at Virginia Western from July, 1967 to June, 1970. In March, 1970, the administration of Virginia Western informed plaintiff that when his contract expired in June, 1970, Virginia Western would not renew it. Plaintiff's cause of action occurred therefore no later than June, 1970.

Neither 42 U.S.C. § 1983 nor § 1985 contains an express statute of limitations. It is well settled doctrine, however, that where Congress has not legislated a statute of limitations governing a federal cause of action, a court shall apply the forum's statute of limitations for analogous types of action. Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); International Union, United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Allen v. Gifford, 462 F.2d 615 (4th Cir. 1972), cert. denied, 409 .U.S. 876, 93 S. Ct. 128, 34 L.Ed.2d 130; Almond v. Kent, 459 F.2d 200 (4th Cir. 1972).

The Court of Appeals for the Fourth Circuit and this court have indicated that Virginia's two-year statute of limitations for personal injuries contained in Va.Code Ann., § 8–24 (1974 Supp.) will be applied in all civil rights actions that may be redressed by recovery of damages. Almond v. Kent, *supra*; Allen v. Gifford, *supra*; Sitwell v. Burnette, 349 F.Supp. 83 (W.D.Va. 1972). Plaintiff's cause of action falls within the scope of this statute.[1] That plaintiff has requested the equitable relief of reinstatement as well as monetary damages cannot under the facts of this case negate the applicability of this statute of limitations. Plaintiff's alleged injury is of the type normally compensated with a monetary award.

Plaintiff contends that the applicable statute of limitations in this case was tolled until the summer of 1973 because of fraud. Though the nature of this fraud does not appear in the record, plaintiff's argument is nonetheless inapposite. Plaintiff's cause of action is not for fraud or misrepresentation but for constitutional deprivations based upon termination of public employment. The termination occurred in June, 1970. Plaintiff was informed of this in March, 1970. Any cause of action based upon that termination must run as of June, 1970.

For the above reasons, this court grants defendant's motion to dismiss. Because plaintiff has proceeded *pro se* in this matter, this court has been extremely solicitous in his behalf. The statute of limitations, however, is designed to promote fairness among all parties and its application is mandatory and binding; this court has no power to waive its prescription. It is therefore ordered and adjudged that this case be dismissed.

---

1. Because of the disposition of this case, this court does not reach the question of whether this court would apply the special one-year statute of limitations for section 1983 actions prescribed by Va.Code Ann., § 8–24 (1974 Supp.).