**Lacy EDGERTON, Plaintiff,**

v.

**Paul J. PUCKETT, Sheriff of the City of Roanoke, Defendant.**

**Civ. A. No. 75-6.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 4, 1975.

---

18. See, *e. g.,* Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

Wade H. Ballard, III, Peterstown, West Va., Ballard & Osborne, Pearisburg, Va., for plaintiff.

Samuel G. Wilson, Asst. Commonwealth's Atty., City of Roanoke, Roanoke, Va., for defendant.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff Lacy Edgerton has filed this suit against the Sheriff of the City of Roanoke, Virginia seeking $100,000 in damages for alleged violations of his constitutional rights. He alleges that on October 2, 1973, the defendant Sheriff and certain of his deputies (whose names are unknown to plaintiff), acting under color of law, unlawfully arrested him without informing him of the reason for the arrest; and that they thereafter denied him the right to be free on bail with the result that he was illegally confined in jail for two nights and three days. Plaintiff contends that his cause of action arises under 42 U.S.C. §§ 1983 and 1985 and that jurisdiction exists under 28 U.S.C. §§ 1331 and 1343. The defendant has moved for judgment on the pleadings raising the affirmative defense that the plaintiff's complaint is

barred by the Virginia one-year statute of limitations. Va.Code Ann. § 8–24 (Supp.1974).[1]

Section 8–24 was amended by the 1973 session of the Virginia General Assembly by adding the second paragraph which singles out and subjects to a one-year limitation period actions brought pursuant to 42 U.S.C. § 1983.[2] Prior to this amendment, the Court of Appeals for the Fourth Circuit in Almond v. Kent, 459 F.2d 200 (4th Cir. 1972) adopted the two-year limitation period for personal injuries found in the first paragraph of § 8–24 to be applied generally to § 1983 suits in Virginia. The Court in *Almond* also gratuitously suggested that Virginia might wish to consider the enactment of a statute of limitations specifically applicable to § 1983 suits. The second paragraph of § 8–24 was probably the result of this suggestion.

■ A state statute of limitation does not by its own force govern a federal cause of action, although in the absence of an applicable federal statute, federal courts may and ordinarily do adopt the applicable local limitation period as a matter of federal law. UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) and cases cited therein. However, a state limitation period which evidences hostility or discrimination toward a federal cause of action will not be adopted by federal courts. Rockton & Rion Ry. v. Davis, 159 F.2d 291 (4th Cir. 1946); Caldwell v. Alabama Dry Dock and Shipbuilding Co., 161 F.2d 83 (5th Cir.), cert. denied, 332 U.S. 759, 68 S.Ct. 59, 92

L.Ed. 345 (1947); see United States v. Little Lake Misere Land Co., 412 U.S. 580, 93 S.Ct. 2389, 37 L.Ed.2d 187 (1973); and Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895).

■ In Almond v. Kent, *supra*, 459 F.2d at 204 the Court rejected the argument that § 1983 actions should be subject to the one-year limitation period prescribed by § 8–24 for transitory torts:

"The right of recovery depends upon federal considerations, and it is not one which is concerned with the archaic concepts of survivability of the common law. . . . In the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries'."

The Court concluded saying:

"Accordingly, we think it more properly belongs at the two-year step in Virginia's statute of limitations scale of values. It is more important than those transitory torts for which a one-year period is prescribed, and it is not to redress damage to property and estate for which Virginia prescribes a five-year period." 459 F.2d at 204.

Despite the discussion in Almond v. Kent, *supra*, in favor of adoption of a two-year limitation period, the state has sought to impose a one-year period to all § 1983 suits. The discrimination toward federal rights in the 1973 amendment is apparent: analogous, torts arising under state law were not similarly limited; nor was any attempt made to rationally prescribe a limitation peri-

---

1. § 8–24. Of actions not before specified.—Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. The amendment extending the period within which an action for personal injuries may be brought under this section to

two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four.

Notwithstanding any other provision of law to the contrary, every action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, shall be brought within one year next after the right to bring the same shall have accrued.

2. The effective date of this amendment was June 1, 1973, by virtue of § 1–12 of the Va. Code Ann. which provides that laws enacted by the General Assembly take effect on the first day of the fourth month following the month of adjournment.

od for § 1983 suits in terms of the object of the litigation. *See* Friedman v. Peoples Service Drug Stores, Inc., 208 Va. 700, 160 S.E.2d 563 (1968). Rather, the state has apparently sought to limit all § 1983 causes of action without regard to the federal statutory and constitutional values at stake. The court will therefore continue to apply the two-year limitation period incorporated into federal law by Almond v. Kent, *supra*.[3]

■ Defendant has also moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Clearly, a claim cognizable under 42 U.S.C. § 1983 has been stated and defendant's motion is denied. However, plaintiff has not alleged a conspiracy to deny him his rights protected by 42 U.S.C. § 1985 and his complaint is dismissed insofar as it is predicated on that statute.

For the reasons stated, the defendant's motion for judgment on the pleadings is denied and his motion to dismiss is granted only with respect to plaintiff's reliance on 42 U.S.C. § 1985.

---

3. In any case, the 1973 amendment to § 8–24 is only applicable to § 1983 actions. Plaintiff's complaint also alleges a cause of action arising directly under the Fourteenth Amendment to the Constitution with jurisdiction pursuant to 28 U.S.C. § 1331.