**662**

Gilbert W. BEASLEY

v.

MOTOR FREIGHT EXPRESS, INC., and
Local Union No. 592.

Civ. A. No. 73–385–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 23, 1975.

Mark S. Dray, Richmond, Va., for plaintiff.

Melvin R. Manning, John T. Grigsby, Jay J. Levit, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This matter is before the Court on each of the two motions to dismiss plaintiff Gilbert W. Beasley's amended complaint against defendants Virginia Motor Freight Express, Inc. and Local Union 592 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The complaint charges four separate causes of action based on racial discrimination under: 1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended by public law 92–261, 86 Stat. 103 (Mar. 24, 1972); 2) Section 1 of The Civil Rights Act of 1866, 42 U.S.C.

§ 1981; 3) Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 and 4) Section 8(b) of the National Labor Relations Act of 1947, 29 U.S.C. § 158(b)(4), 187.

■ Defendants move to dismiss the Title VII action on the ground that plaintiff failed to file his charge before the Equal Employment Opportunity Commission (EEOC) within 180 days from the alleged discrimination as 42 U.S.C. § 2000e–5(e) requires. The record reflects that the alleged discrimination ceased on 13 December 1971 and that plaintiff filed his charge with the EEOC on 11 April 1973 which is well beyond the 180 day filing period mandated by Section 2000e–5(e). Failure to file within the prescribed period is a jurisdictional deficiency hence the Court cannot consider the merits of plaintiff's charge under Title VII. *Revere v. Tidewater Telephone Co.*, 485 F.2d 684 (4th Cir. 1973).

Defendants move to dismiss the three remaining causes of action on the ground that they are time barred by the statute of limitations. The controversy is over whether the document filed with this Court on 7 August 1973 constituted a complaint commencing each of the aforementioned causes and what limitation period is applicable to same.

On the first point of contention defendants argue that the untimely filing of a complaint pursuant to a Title VII action does not toll the statute of limitations running on other causes of action. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L. Ed.2d 295 (1975) is cited in support of this position which at first blush appears on all fours therewith. Plaintiff in *Johnson* timely filed a charge with the EEOC in May of 1967, he received his right to sue letter from the EEOC on 15 January 1971 and on 12 February 1971 he filed the same in Federal District Court as a complaint. On 18 March 1971 he filed an amended complaint charging a 1981 violation which under applicable state law had a one year statute of limitations. The charge filed with the EEOC fell within the time period but the complaint and the amended complaint filed with the Federal District Court did not.

■ The Supreme Court affirmed the district court's dismissal of the 1981 action holding that timely filing of a charge of discrimination with the EEOC does not toll the limitation applicable to an action instituted under 1981 even though based on the same facts as was the case therein. The crucial distinction between *Johnson* and the instant cause is that plaintiff Beasley arguably filed his initial complaint pursuant to the Title VII action within the limitation period relevant to the causes in question; whereas Johnson's initial complaint was without question beyond the statute of limitations therein applied to the 1981 action. If Johnson's initial complaint had been filed with the Court within that limitation period, the amended complaint, though outside the period and containing additional causes of action, would have related back pursuant to Fed.R.Civ.P. 15 which states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The Supreme Court in *Johnson* ruled that an amended complaint filed in Federal District Court cannot relate back to a charge filed with an administrative agency regardless of whether the facts alleged therein support the additional causes in the amended complaint. But in the instant cause plaintiff is relying on a complaint filed in this Court on 7 August 1973 which recites facts which he maintains supports the additional causes of action contained in the amended complaint. Rule 15, above quoted, tolls the applicable statute of limitations as of the date of the initial complaint.

Having concluded that the three remaining causes of action were in effect commenced on 7 August 1973, one year and eight months from the alleged wrong, the Court must now turn to the question of what statute of limitations applies. The three statutes upon which these causes are brought have no federal statute of limitations. All parties herein are in agreement that the state statute of limitations for similar causes of action is applicable. The problem is that different limitation periods apply to various classes of actions and each of the causes in question have similarities with more than one of those classes.

Defendants contend that all causes herein are personal in nature, thus either Virginia's one year limitation period for personal actions without survivorship or its two year limitation for personal injuries should be applied, *Va.Code Ann.* § 8–24(1950). Plaintiff insists that all causes herein sound in contract necessitating application of Virginia's five year contract statute of limitations. *Va.Code Ann.* § 8–13 (Rep.Vol.1957).

 Since the Court has already determined that whatever statute of limitations does apply was tolled approximately one year and eight months from the alleged wrong, it need only decide whether the one-year statute is applicable. The complaint is timely filed as to all other arguable periods. Assuming that the three remaining causes are all personal in nature, there is sufficient authority in the Fourth Circuit to support the Court's conclusion that the two-year, not the one-year limitation period, should be applied to such causes. *Revere v. Tidewater Telephone Co.,* supra; *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972); *Landman v. Royster,* 354 F.Supp. 1302 (E.D.Va.1973). Accordingly, defendants' motion to dismiss on this ground is denied.

Lastly, defendant Union advocates an additional ground for dismissal. The Union contends that plaintiff's allegations that the Union failed fairly to represent him are bare conclusory allegations insufficient in law to state a claim upon which relief can be granted. On this issue the Court agrees with plaintiff that the amended complaint goes well beyond the bare conclusory allegations condemned by *Lusk v. Eastern Products Corp.,* 427 F.2d 705 (4th Cir. 1970), the case cited in support of defendant Union's contention.

For the reasons stated above the Court will dismiss the Title VII action. The pleading will continue as to the three remaining causes of action.

Plaintiff is reminded that dismissal of the Title VII action precludes further assistance in investigation, conciliation, counsel, waiver of Court costs and attorneys fees.

An appropriate order shall issue.