**Marvin Donald BRADY, Plaintiff,**

v.

**Clifford R. SOWERS et al., Defendants.**

**Civ. A. No. 77-0336-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

June 12, 1978.

Horace F. Sutherland, Galax, Va., for plaintiff.

W. W. Eskridge, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

### GLEN M. WILLIAMS, District Judge.

Plaintiff, Marvin Donald Brady, commenced this action under 42 U.S.C. §§ 1983 and 1985 alleging that defendants entered into a conspiracy to violate his constitutional rights by effecting his arrest and arraignment on false charges. The case is presently pending before the court on defendants' motion to dismiss on the grounds that the claim is barred by the statute of limitations and that plaintiff has failed to state a cause of action upon which relief can be granted as to that part of the complaint founded upon 42 U.S.C. § 1985.

Plaintiff alleges that on two occasions defendants entered his land and searched the buildings located thereon without his consent or a search warrant. Pursuant to the alleged conspiracy, defendant Sowers and another unknown defendant traveled to Merritt's True-Value Hardware Store in Mount Airy, North Carolina. There, they questioned an employee about whether a particular label was the proper label used to ship goods to that store. Subsequently, plaintiff was arrested on charges on selling non-tax-paid whiskey and was transported to his farm where a search warrant was read to him and the buildings searched. As a result of the search, one crate of glass was seized by defendants. The crate had a shipping label with the name Merritt's True-Value Hardware Company affixed thereto. A warrant was issued for plaintiff's arrest charging him with receiving and possessing stolen property; i. e., the crate of glass. Sowers and an unknown defendant then made a second trip to Merritt's True-Value Hardware Store. On August 13, 1973, plaintiff was arraigned on the charge of receiving stolen property. The charge was dismissed when the store employee recognized another man in the courtroom as the one who had purchased the crate of glass.

On March 25, 1975, plaintiff filed an action in the United States District Court for the Middle District of North Carolina against these defendants alleging a conspiracy to deprive him of his constitutional rights. This action was dismissed by an Order dated September 4, 1975, on the ground that the court lacked personal jurisdiction over the defendants. Plaintiff appealed, and the District Court's dismissal was upheld by the Court of Appeals for the Fourth Circuit on May 10, 1977.

After entry of the judgment by the District Court, plaintiff petitioned for an amended judgment and sought to have the action transferred to the United States District Court for the Western District of Virginia. This motion was denied, and the District Court's refusal to transfer was upheld by the Fourth Circuit. Plaintiff then instituted this action. A hearing was held on February 9, 1978, so that evidence could be presented by either side in support or in opposition to the motion to dismiss.

### Statute of Limitations

This cause of action arose on July 20, 1973, when plaintiff was arrested on the charge of receiving and possessing stolen property. At that time, the applicable statute of limitations in Virginia was Va.Code

§ 8–24 which provided that "every action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, shall be brought within one year next after the right to bring the same shall have accrued." Just prior to the enactment of this provision, the Fourth Circuit Court of Appeals had held that when a Section 1983 suit alleges a violation of constitutional rights resulting in personal injuries of the type that would be actionable at common law, the Virginia two-year statute of limitations applied. *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972). In response to the decision in *Almond,* the Virginia legislature enacted the special statute of limitations for Section 1983 suits.

Plaintiff filed his suit in North Carolina on March 25, 1975. Shortly thereafter, two courts rejected Virginia's one-year statute of limitations for Section 1983 suits and instead used the two-year statute as adopted by the court in *Almond. Edgerton v. Puckett,* 391 F.Supp. 463 (W.D.Va.1975); *Van Horn v. Lukhard,* 392 F.Supp. 384 (E.D.Va.1975).

█ Since Section 8–24 has been held to be an unconstitutional burden on the assertion of a federally created right, this court finds that at the time that plaintiff's cause of action arose, the two-year statute of limitations was applicable. If the one-year statute is unconstitutional, then it was such from the beginning and never applicable to plaintiff's case.

Having determined that the two-year statute governs this case, the issue becomes one of whether plaintiff's filing his action in North Carolina tolled the running of the two years in Virginia. When plaintiff filed suit in North Carolina, he had four months left out of the two years. He filed the present action on July 25, 1977, within four months after the Fourth Circuit's affirmance of the District Court's decision, but more than four years after the cause of action arose. Clearly, unless the suit in North Carolina tolled the statute, plaintiff is now barred from proceeding with the instant action.

In *Atkins v. Schmutz Manufacturing Company,* 435 F.2d 527 (4th Cir. 1970), the court considered the tolling effect of the pendency of an identical suit in another federal court. The plaintiff in *Atkins* was injured while working in Virginia. His feet were injured in a machine manufactured by defendant, a Kentucky corporation with its sole place of business in that State.

At that time, Virginia did not have a long-arm statute, so plaintiff's attorney concluded that personal jurisdiction over defendant could not be obtained in Virginia. Consequently, he filed suit in Kentucky within Virginia's two-year statute of limitations for tort actions but not within Kentucky's one-year statute.

Everyone in the case proceeded on the assumption that Virginia's limitation period applied since the cause of action arose there. However, the Kentucky Court of Appeals then decided that Kentucky's statute of limitations was applicable in actions brought in that state if the limitation period of the state where the cause of action arose was longer. Following this new rule, the District Court for the Western District of Kentucky dismissed the action as time-barred, and the Sixth Circuit affirmed.

Meanwhile, Virginia passed a long-arm statute, so plaintiff filed his action in the Western District of Virginia. He did this before the decision of the Sixth Circuit became final.

█ In holding that plaintiff's suit in Kentucky had tolled the running of the statute of limitations in Virginia, the Fourth Circuit placed great emphasis on the fact that plaintiff's attorney had been correct in originally choosing Kentucky as the forum for litigating his claim and in believing that established precedents in Kentucky and the Sixth Circuit would mandate that the Virginia statute of limitations apply. The court further noted that the proceedings in Virginia were merely a continuation of the suit in Kentucky since the Virginia suit was filed before the action in Kentucky was terminated. The commencement of the suit in Virginia had the same practical effect as a transfer would have had. A transfer is permissible after a statute of limitations has run if the purpose of the statute and the interests of justice are promoted by such transfer.

Turning to the instant case, the court finds none of the factors present that prompted the court in *Atkins* to hold that the statute had been tolled. First, plaintiff's attorney's decision to file this action in North Carolina was legally unsound. Only two acts out of the entire alleged conspiracy occurred in North Carolina. Those acts, namely the two trips to Merritt's True-Value Hardware Store, were insignificant when compared with the other alleged improper activities such as the search and arrest. Such insufficient contacts with the state is precisely what prompted the District Court in North Carolina and the Fourth Circuit to hold that North Carolina did not have personal jurisdiction over defendants.

Furthermore, the instant action cannot be treated as a transfer of the North Carolina case as was done in *Atkins.* This case was not filed until after the North Carolina case had been finally dismissed. Plaintiff's attorney obviously realized that he might be in trouble with the Virginia statute of limitations when he asked the District Court for a transfer. Yet, he waited until the Fourth Circuit rendered its opinion before filing in this court. The District Court in North Carolina refused to transfer the case, apparently on the ground that it would not serve the "interests of justice." The Fourth Circuit found no abuse of discretion in this decision. Since a transfer did not serve the "interests of justice" at a time when defendants had no reason to think the litigation had come to an end, the court fails to see how allowing this suit to proceed now could promote fairness and justice.

Plaintiff's attorney testified that he believed that either Virginia or North Carolina would have been a proper forum for litigating this action. He further stated that he filed in North Carolina believing that the Virginia statute of limitations would apply but that Section 8–24 was probably subject to attack on constitutional grounds.

Despite this testimony, the only logical reason that the court can find for filing in North Carolina was to avoid the Virginia statute of limitations. This conclusion is substantiated by the fact that North Carolina clearly did not have personal jurisdiction over the defendants. Plaintiff's attorney may have thought the Virginia statute was constitutionally defective, but at that time the *Edgerton* and *Van Horn* decisions had not come down. If he wanted to challenge the statute, Virginia would have been a better forum for doing so.

Consequently, this court finds that the pendency of the suit in North Carolina did not toll the Virginia two-year statute of limitations and that the present Section 1983 action is time-barred. To hold otherwise would promote forum-shopping and frustrate the purpose of a statute of limitations.

The court also finds that the two-year statute of limitations applies to actions brought under 42 U.S.C. § 1985. *Wilkinson v. Hamel,* 381 F.Supp. 768 (W.D.Va.1974). Therefore, plaintiff's action under Section 1985 is likewise time-barred, and the court need not decide whether he stated a claim under 42 U.S.C. § 1985.

In accordance with this opinion, this case is hereby dismissed and stricken from the docket.