Carl Don JOHNSON, Appellant,

v.

Jack F. DAVIS, Individually and in his official capacity as Director of the Department of Corrections of the Commonwealth of Virginia, Robert Landon, Individually and in his official capacity as Director, Division of Adult Services of the Virginia Department of Corrections, E. Stacey, Individually and in his official capacity as Superintendent, Field Unit # 13, E. Lyon, Individually and in his official capacity as Assistant Superintendent, Field Unit # 13, Malcolm Woodson, Individually and in his official capacity as Superintendent, Field Unit # 4, J. Tucker, Individually and in his official capacity as an Officer, Field Unit # 4, Appellees.

No. 77–1603.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1978.

Decided Sept. 5, 1978.

Before WINTER, LAY * and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

Carl Don Johnson, plaintiff and inmate of the Virginia Department of Corrections, appeals the dismissal by the district court of his action brought pursuant to 42 U.S.C. § 1983 against six defendants, individually and in their official capacities as members of that department, for violation of his civil rights arising out of alleged threats, humiliation and harassment suffered over a two-week period ending April 30, 1975. The district court held that, because the events giving rise to his causes of action occurred more than one year before he filed his complaint *pro se*, his claims for money damages and declaratory and injunctive relief were barred by the applicable Virginia one-year limitation period specified for all § 1983 actions.

We disagree and hold that the district court should not have applied this special one-year limitation period for § 1983 actions because to do so would disregard the constitutional values to be protected by those actions and would condone an unreasonable discrimination between the assertion of federally protected rights and rights protected under Virginia law. Therefore, we reverse and remand for a determination on the merits of plaintiff's claims.

* Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**1318**

■ It is a well-established policy that when Congress has not enacted a statute of limitations applicable to the assertion of a federal right, federal courts should adopt the local law of limitation. *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). However, a state limitation period which evidences hostility or discrimination toward a federal cause of action will not be adopted by federal courts. *Rockton & Rion Ry. v. Davis,* 159 F.2d 291 (4th Cir. 1946).

This is not the first time we have considered Virginia law in fashioning a limitation period for § 1983 actions. In *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972), we held, before enactment of the special statute now in question, that within the Virginia statutory scheme of limitation periods, all § 1983 actions were to be grouped and valued with actions to redress personal injuries rather than with those personal actions which do not survive death of the aggrieved party. The statute construed in *Almond* read in pertinent part:

> Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. . . .

Code of Virginia, 1950, § 8–24.

Immediately following our decision in *Almond,* the Virginia General Assembly enacted an amendment to the statute construed in *Almond* which was approved March 15, 1973, and read in pertinent part:

> Notwithstanding any other provision of law to the contrary, every action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, shall be brought within one year next after the right to bring the same shall have accrued.

Code of Virginia, 1950, § 8–24.

■ In 1977, the Virginia General Assembly repealed this special provision relating only to § 1983 actions as part of a comprehensive revision of its Code relating to all limitations on actions. By its terms, this Code revision is applicable only to actions accruing on or after October 1, 1977. Code of Virginia, 1950, § 8.01–256. Because of this clear statutory direction, we must view this case as governed by the special limitation period in effect at the time plaintiff's action accrued rather than the law in effect now. *See Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

We decline to adopt this special limitation period on § 1983 actions accruing before October 1, 1977, for the same reasons stated in *Almond* which caused us to conclude that a two-year limitation period was more appropriate than a one-year limitation period when the Virginia scheme of limitation periods was viewed as a whole.

■ In *Almond,* we grouped § 1983 actions with personal injury actions because we reasoned that whether the theory of recovery was based upon wrongful injury to the person or upon violation of a constitutional right not to be so injured by a person acting under color of state law, the determination of which limitation period would apply should not turn on archaic concepts of survivability of the common law or on the form of the action brought but should instead turn on the primary object of the litigation which is compensation for injury suffered by the person. It is well-established in Virginia law that the object of the litigation rather than the theory of recovery determines which limitation period applies. *Friedman v. Peoples Service Drug Stores,* 208 Va. 700, 160 S.E.2d 563 (1968).

As a matter of evaluating the protection of remedies for wrongs which in some instances may constitute both state torts and deprivations of constitutional rights, we also reasoned in *Almond* that violations of federally protected constitutional rights are

more serious than violations of state protected private rights and therefore were deserving of at least the two-year step in the Virginia scale of values apparent in its statutes of limitations.

Furthermore, we decline to adopt this special limitation period on § 1983 actions for some of the reasons set forth in two district court opinions which have not been reviewed by this court. In *Edgerton v. Puckett*, 391 F.Supp. 463 (D.C.1975), Judge Turk refused to apply this special limitation period because to do so would be to undervalue the constitutional values at stake in § 1983 actions without rationally prescribing a limitation period for those actions in light of the object of the litigation as required by Virginia law. In *Van Horn v. Lukhard*, 392 F.Supp. 384 (D.C.1975), Judge Merhige refused to adopt this one-year limitation period because to do so would be to impose an unreasonably discriminatory limitation period on the assertion of important federally protected rights.

In the *Van Horn* opinion, Judge Merhige categorized § 1983 actions as "constitutional tort remedies" which were intended to be available where state tort remedies, although available in theory, were not available in practice. It was noted that the Supreme Court has emphasized again and again that the Reconstruction Era civil rights statutes must be accorded a "sweep as broad as [their language]." *U. S. v. Price*, 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966), and therefore assertion of the "constitutional tort remedy," which was created to protect such paramount federal rights as the right to vote, the right of free speech, and the right to be free from invidious discrimination, should not be relegated in the Virginia scheme of limitation periods to a period of only one year. Judge Merhige concluded that this special limitation period unreasonably discriminated against the "constitutional tort

remedy" because all other personal injury actions in Virginia are limited by a two-year period.

■ Even if we were to accept the statutory direction of the General Assembly that § 1983 actions should not be grouped or valued along with Virginia causes of action, as a matter of judicial policy we cannot do so because there is no rational basis for distinguishing between § 1983 actions and actions for injury to the person in light of the purposes for which statutes of limitations are generally prescribed. These statutes are statutes of repose whose intent is to secure the prompt enforcement of claims during the lives of witnesses and when their recollection may be presumed to be still unimpaired. *Campbell v. Haverhill*, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895). The facts to be proven, the witnesses to be called to testify, the evidence to be considered are generally the same for § 1983 actions as for state actions brought to compensate for the personal injury underlying the deprivation of federal constitutional rights.

Absent a fair grouping and valuation of § 1983 actions within the Virginia scheme of limitation periods and absent some other reasonable basis for applying a shorter period for remedying a "constitutional tort" than for remedying the underlying state tort, we will disregard this special limitation on § 1983 actions accruing before October 1, 1977, in favor of applying the two-year period previously found in *Almond* to be appropriate.

*REVERSED AND REMANDED.*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent from the denial of rehearing en banc, not because the decision overturns Virginia's one-year statute of limitations specifically applicable to § 1983,[1]

---

1. The one-year statute was obviously invited by our footnote 3 in *Almond*. If the cause of action here did not survive and its limitation was thus one year, the panel should not have reached the constitutional question of the validity of the one-year limitation of the § 1983 statute.

rather because of its application of the two-year statute of limitations to actions under § 1983 whether or not they stem from "personal injuries," which the Virginia courts have never applied in any case except one growing out of some kind of injury to the body.[2]

The basic error in the opinion of the panel is that it picks up the error in reasoning in *Almond v. Kent* and follows it. That case was based on the rationale that the right of recovery "depends upon federal considerations, and is not one which is concerned with the archaic concepts of survivability of the common law." p. 204.

The panel does not acknowledge, as *Almond* did not, that we are required under *Campbell v. Haverhill*, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895), to follow the Rules of Decisions Act, 28 U.S.C. § 1652, in determining which statute of limitations to apply. Under that statute the "laws of the several states . . . shall be regarded as rules of decision in civil actions in the courts of the United States . . . ." In this case, the state is Virginia and Virginia limitations depend on survivability. The opinion of the panel does not even mention the Rules of Decisions Act, much less explain why it is not followed.

The rule I think is correctly stated by Wright, Miller and Cooper, *Federal Practice and Procedure*, Vol. 13, p. 497, as follows:

"Congress has not provided any statute of limitations for actions under Section 1983. Thus, the applicable period of limitations is that the state itself would enforce if an action seeking similar relief were brought in a court of the state."

Had this action been brought in a Virginia court, the applicable limitations would depend on the survivability of the cause of action. If it were an action which did not survive, the period of limitations would be one year, otherwise various periods according to the several Virginia statutes.

Not only does the panel fail to acknowledge that it should be governed by the Rules of Decisions Act, it fails to acknowledge the very recent case of *Robertson v. Wegman*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), which should be considered binding in this litigation. In *Robertson* the Supreme Court held that, in a suit under § 1983 in which the plaintiff had died after filing the case but prior to trial, the cause of action was extinguished because it did not survive plaintiff's death under Louisiana law. Thus, the Supreme Court applied the archaic concepts of survivability which this court refuses to apply. Indeed, that Court applied survivability to extinguish a cause of action. Extinguishment not being contrary to federal policy, no reason exists that survivability should not be applied merely to limit one. Even the dissent in *Robertson* acknowledges in terms that state law may well be a source of statutes of limitations, which has specifically been held in *Campbell* as I have pointed out.

Happily, although cold comfort, this is a federal question case in which our decision may be overturned by the state courts. See *Runyon v. McCrary*, 427 U.S. 160, 179–182, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

---

**2.** The Supreme Court also depended on our construction of Virginia law in *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).