Nidia BARCIA, individually and on behalf of all others similarly situated, Plaintiffs,

Juan Espinosa, individually and on behalf of all others similarly situated, Applicant for Intervention,

v.

Louis SITKIN, individually and as Chairman of the New York State Unemployment Insurance Appeal Board, James R. Rhone, Arthur Strauss, Harry Zankel, and G. Douglas Pugh, individually and as members of the New York State Unemployment Insurance Appeal Board; Philip Ross, individually and as Industrial Commissioner of the State of New York; New York State Unemployment Insurance Appeal Board; and New York State Department of Labor, Defendants.

No. 79 Civ. 5831.

United States District Court,
S. D. New York.

Feb. 6, 1981.

M. D. Taracido, Robert L. Becker, Margarita Rosa, Puerto Rican Legal Defense & Education Fund, Inc., New York City, for plaintiffs and applicant for intervention.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendants; Marion Buchbinder, Stanley A. Camhi, Asst. Attys. Gen., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

This case is one of three related cases challenging the constitutionality of practices of the New York State Unemployment Insurance Appeal Board ("the Appeal Board"). The issues raised overlap substantially with those of *Moore v. Ross*, D.C., 502 F.Supp. 543 (1980) and *Municipal Labor Committee v. Sitkin*, 79 Civ. 5831 (*unpub. op.*, decided January 8, 1981). In the interests of avoiding wasteful duplicative litigation a conference was held on February 21, 1980, at which it was agreed that *Moore v. Ross, supra,* would be decided first, and the other two cases would be disposed of thereafter.

Plaintiffs in the instant case allege the following: (1) that the Appeal Board's decisional practices in reversing judgments of Administrative Law Judges ("ALJ") violate the due process clause of the Fourteenth Amendment; (2) that the Appeal Board's specific decision finding Nidia Barcia guilty of wilful misrepresentation is not supported by substantial evidence; (3) that the Appeal Board's finding against Barcia denied her due process; (4) that systematic bias in the manner in which the Appeal Board decides cases violates the due process clause of the Fourteenth Amendment; and (5) that Appeal Board practices in reversing the ALJ's judgments favorable to Spanish-speaking claimants in light of the limited availability of translators for such applicants constitute discrimination on the basis of national origin in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d, and the

Fourteenth Amendment. Plaintiffs have moved for partial summary judgment with respect to the issues raised by the broad due process claims in (1), *supra*. Defendants have moved for summary judgment with respect to all issues.

Plaintiff seeks class certification for persons aggrieved by practices alleged in (1) (Appeal Board's due process violations), (4) (Appeal Board's systematic bias), and (5) (the Appeal Board's discrimination against Spanish-speaking claimants).

The issues raised in (1) are identical to those litigated in *Moore v. Ross, supra*, which we recently decided in defendants' favor. Accordingly, with respect to the broad claims raised in (1), plaintiff's motion for class certification is denied, our reasons being the same as in *Moore v. Ross*.

■ The allegations of systematic bias contained in (4) appear to be identical to those raised in *Municipal Labor Committee v. Sitkin*. The motion for class certification was granted in that case, and since little is to be gained by having two class actions litigating identical issues, plaintiff's motion for certification of a class with regard to the allegations in (4) is denied. *See* Rule 23(b)(3), F.R.Civ.P., *Fidelis Corp. v. Litton Industries, Inc.*, 293 F.Supp. 164, 171 (S.D. N.Y.1968) (Bonsal, J.); *Becker v. Schenley Industries, Inc.*, 557 F.2d 346 (2d Cir. 1977). If plaintiff feels that she has a unique perspective to contribute to the litigation of those issues, she can move to intervene in *Municipal Labor Committee v. Sitkin*, since the issues of systematic bias raised in (4) appear to be sensibly litigated only on behalf of a broad class of individuals.

Juan Espinosa, a Spanish-speaking claimant whose claim for unemployment insurance benefits was denied by both the ALJ and by the Appeal Board, has moved to intervene in this case pursuant to Rules 15(a) and 24(b). Defendant opposes the motion.

■ The motion to intervene is granted. It appears unlikely that Espinosa's intervention will delay the trial or prejudice defendants, *see United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978), and the additional light the intervenor may shed on the facts pertaining to alleged discrimination will be helpful to the court. *See Drumright v. Padzieski*, 436 F.Supp. 310, 323–24 (E.D.Mich.1977).

Espinosa moves, with Barcia's support, to amend Barcia's complaint in accordance with Rule 15(a), F.R.Civ.P., in order to broaden the contention under (5) to allege discrimination against all unsuccessful Spanish-speaking claimants under the Fourteenth Amendment because of the limited availability of Spanish-speaking interpreters and translators. The motion to amend is granted. As a result of this amendment, class certification is now sought in respect of claim (5) for all Spanish-speaking claimants who have received unfavorable determinations from the Appeal Board.

■ Plaintiffs' motion for class certification is granted, with respect to the national origin discrimination claim (5). For this claim, numerosity, typicality and the other prerequisites of Rule 23(a) appear at this stage to be met, and insofar as a pattern and practice of discrimination is alleged, the class action format is a superior means of resolving the issue. Given the centrality of the question of when and under what circumstances translators must be provided, it is appropriate to certify the action under Rule 23(b)(2).

Defendants have moved for summary judgment with respect to all claims on several grounds, including *inter alia*, abstention, based on the doctrines of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Railroad Commission of Texas v. Pullman, Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), a hypothesized one-year statute of limitations, plaintiff's alleged lack of standing, and the merits of the different substantive issues. Defendants' motion for summary judgment is granted with respect to issues in (1) insofar as those claims seek declaratory relief inconsistent with *Moore v. Ross, supra*. In *Moore* we held that the Appeal Board may reverse credibility determinations of ALJs without holding new hearings at which the

Appeal Board itself is present. We also held that the adequacy of the Appeal Board's presentation of reasons and evidence under the due process clause is best determined on a case by case basis. Since this will be done for Barcia under claim (3) (the Appeal Board denied her due process), and Espinosa does not raise any such claim, the claims in (1) may be dismissed in their entirety. Defendants' motion is denied with respect to claims (3), (4) (systematic bias) and (5). Judgment is reserved on whether the pendent state law claim (2) (that the Appeal Board's decision against Barcia is unsupported by substantial evidence, N.Y. Labor Law § 624 (McKinney)) is barred by her failure to file this action within one year of the July 13, 1978 Appeal Board decision as is required by Rule 800.12, Rules of the Appellate Division, Third Department. If the issue is deemed to have continuing importance, it can be raised and disposed of at trial.

■ As to plaintiff's federal claims, jurisdiction of which is based upon 42 U.S.C. § 1983 and Title VI of the Civil Rights Act (42 U.S.C. § 2000d), it is settled that the applicable statute of limitations is the three-year limitations period contained in Section 214(2), N.Y.C.P.L.R. *Romer v. Leary*, 425 F.2d 186, 187 (2d Cir. 1970), *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir.), *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977). Thus, defendants' statute of limitations argument with respect to these claims has no merit.

Defendants' argument in favor of abstention based on the doctrine of *Younger v. Harris, supra*, is rejected for the same reasons that the identical argument was rejected in *Moore v. Ross, supra*. Abstention based on *Railroad Commission of Texas v. Pullman Co., supra*, is unwarranted because plaintiffs are not challenging a state statute or regulation, the meaning or interpretation of which is unclear. *See Pullman, supra.*

■ Defendants argue that Barcia lacks standing to bring this action because the Appeal Board's decision is supported by substantial evidence. In ruling on a motion to dismiss for lack of standing we "must accept as true all material allegations of the complaint." *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). Hence at this stage of the proceedings defendants' argument must be rejected. The decision of the Appeal Board authorizes recovery of $294.00 in overpaid benefits and imposes a forfeiture of 80 effective days in connection with plaintiff's entitlement to the future receipt of unemployment insurance benefits. This is sufficient tangible injury to confer standing on Barcia, and even if she alleged no monetary loss, her allegations of discrimination based on national origin would suffice as well. *Cf. Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) (non-economic injury sufficient to establish standing).

Plaintiffs' discrimination claims present complex factual issues which, needless to say, cannot be resolved on a motion for summary judgment. Defendants' clearly have not met their burden of demonstrating the nonexistence of any genuine issue of material fact. *See Elliott v. Elliott*, 49 F.R.D. 283, 284 (S.D.N.Y.1970) (MacMahon, J.). It is possible that the reasons given by the Appeal Board for finding Barcia guilty of willful misrepresentation may suffice to meet the due process standard articulated in *Moore v. Ross, supra*, and that claim (3) will ultimately be dismissed for this reason. However, it is difficult at this stage to know on what basis the Board decided to reject the ALJ's conclusions, and whether this basis is adequately reflected in the Appeal Board's opinion. Accordingly, the matter is best left for disposition after a hearing. Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.