Ann H. **EASTMAN, Plaintiff,**

v.

**VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, et al., Defendants.**

Civ. A. No. 88–0177–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

March 8, 1990.

John A. Gibney, Jr., Shuford, Rubin & Oksman, Richmond, Va., for plaintiff.

Mary Sue Terry, Atty. Gen., and Richard C. Kast, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

The plaintiff, Ann H. Eastman, filed this action on April 20, 1988. The complaint seeks compensatory and punitive damages as well as injunctive relief from defendants for their alleged violation of § 504 of the Rehabilitation Act of 1973—29 U.S.C. § 794. Jurisdiction in this matter is based on a federal question, 28 U.S.C. § 1331 and 29 U.S.C. § 794. The case is presently before the court on defendants' motion for summary judgment. The parties have submitted briefs, and the court has heard argument. The matter is ripe for a decision by the court.

### PLAINTIFF'S ALLEGATIONS OF FACTS

Plaintiff began employment with Virginia Polytechnic Institute and State University (VPI) in 1978. In June of 1986, she transferred from the offices of the Dean of the College of Arts and Sciences to Newman Library at VPI. This transfer was agreed upon by the plaintiff and defendants Lavery and Gherman.

When meeting with defendants to discuss the transfer, plaintiff disclosed that she suffered from various handicaps, and requested assistance in moving and setting up her new office. When it came time for the move, plaintiff asserts she received very little of the promised assistance from defendants. Plaintiff suffered great pain

and suffering, after and during her move, because of her handicaps.

Plaintiff's new position in the library entailed the preparation of a great deal of written work and communication with others as she attempted to help faculty members with the publication of articles and books. Defendants aware of plaintiff's handicaps promised secretarial and other assistance to her. Plaintiff had to perform many of the promised assistance herself causing pain and suffering. Due to these physical activities, plaintiff's physical condition worsened. Plaintiff had applied for disability retirement on April 1, 1986. It is undisputed that VPI helped plaintiff with her application for disability retirement, and that her disability retirement was approved on October 27, 1987.

In addition to compensation for alleged violations of the Rehabilitation Act of 1973, plaintiff seeks reimbursement of certain travel expenses.

## STATUTE OF LIMITATIONS

The defendants have raised the statute of limitations bar in their motion for summary judgment. The Rehabilitation Act of 1973 does not set forth an applicable statute of limitations. As a general rule, where there is no federal statute of limitations expressly applicable to a federal claim, the most closely analogous statute of limitations under state law applies. *Del-Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983); *see also Howard v. Roadway Exp. Inc.*, 726 F.2d 1529 (11th Cir.1984); *Hildebrand v. Firemen's Retirement Sys of St. Louis*, 527 F.2d 567 (8th Cir.1975). The most analogous state statute to the Rehabilitation Act of 1973 is Va.Code §§ 51.5–40 *et seq.* (1988 Repl.Vol.). Va.Code §§ 51.5–40 *et seq* (1988 Repl.Vol.) is patterned to be consistent with the Rehabilitation Act of 1973, and affords similar remedies on a state level. The Virginia statute provides for a one-year statute of limitations. Va.Code § 51.5–46 (1988 Repl.Vol.). The court concludes that the Virginia Rights of Persons with Disabilities Act, Va.Code §§ 51.5–40 *et seq.*, is the most analoguous state statute, and the court must apply the one-year statute of limitations to the Rehabilitation Act of 1973.

Plaintiff's move that allegedly precipitated her pain and suffering, and her eventual retirement, occurred in the fall of 1986. The breaking of their promises of assistance by the defendants in the fall of 1986 allegedly violated the Rehabilitation Act of 1973. Plaintiff's cause of action accrued no later than the end of 1986.

Plaintiff did not file suit until April 20, 1988. Plaintiff commenced this action more than one year after the accrual of her cause of action.

Plaintiff's action is, therefore, barred by the appropriate one-year statute of limitations.

## CONCLUSION

For the reasons stated, the court must grant defendants' motion for summary judgment since plaintiff's claim is time barred. An appropriate order and judgment will be entered this day.