**Christopher WOLSKY, Plaintiff,**

v.

**EASTERN VIRGINIA MEDICAL AU-THORITY, formerly Norfolk Area Medical Center Authority and now Medical College of Hampton Roads, Defendants.**

**Civ. A. No. 2:92cv319.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 29, 1992.

Gary Clarence Byler, Virginia Beach, Va., for plaintiff.

David Kegebein Sutelan, Norfolk, Va., for defendants.

## OPINION & ORDER

MORGAN, District Judge.

### Procedural History

On April 23, 1992, Christopher Wolsky (hereafter "PLAINTIFF" or "WOLSKY") filed a complaint in this court demanding trial by jury on his allegations in Count I that the Eastern Virginia Medical Authority (a/k/a Medical College of Hampton Roads) (hereafter "DEFENDANT" or "MEDICAL SCHOOL") · discriminated against him in violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. Section 794) (hereafter "REHABILITATION ACT") and in Count II that the Medical School breached its contract with him. In response, on June 11, 1992, defendant moved this court to dismiss Count I of plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6) as a matter of law or, in the alternative, to strike plaintiff's claim for compensatory and punitive damages, as well as his jury demand, under Count I. Defendant further moved this court for a more specific pleading and to strike plaintiff's claim for punitive damages and compensatory damages arising from plaintiff's alleged emotional distress under Count II. The parties have fully briefed the issues presented by defendant's motion and the motion is now ripe for decision.

### Facts

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, every allegation of the complaint must be taken as

admitted by the defendant. *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865, 867 (4th Cir.1941). An examination of plaintiff's complaint in this case reveals the following facts:

1) The Medical School receives financial assistance from the United States Department of Education, making it subject to Section 504 of the Rehabilitation Act; plaintiff is a qualified handicapped person under the Act with respect to postsecondary education.

2) Plaintiff, at the age of 20, was diagnosed as having a hereditary neuroendocrine condition known as "Panic Disorder." Following his diagnosis, plaintiff completed his pre-medical studies and scored well enough on an entrance examination to qualify for admission to the Medical School. Plaintiff successfully completed his first year at the Medical School.

3) In January of 1987, plaintiff opted to receive treatment for his condition from a resident in training at the Medical School. The resident determined that plaintiff was addicted to Benodiazepine, the medication he took to control his condition. In response to a threat from the resident that she would tell the administration of the Medical School that plaintiff was a "Benodiazepine addict," plaintiff withdrew from the use of Benodiazepine and began taking an alternate medication prescribed by the resident.

4) After the change in medication, plaintiff developed severe insomnia, ataxia, slurred speech, daytime drowsiness and double vision, among other symptoms.

5) Plaintiff's second year grades declined substantially from those of his first year. After failing a ten (10) day course in January of 1988, plaintiff was told that he would have to repeat his second year. At some point, plaintiff related the resident's threats and the change in his medication to the Medical School's Progress Committee; he was subsequently given a Fellowship in the Pharmacology Department and able to successfully complete his second year.

6) During his third year, plaintiff continued to suffer from insomnia related to the resident's treatment of him. Plaintiff passed all but one of his third-year classes. Plaintiff was not allowed to repeat this class and was, subsequently, dismissed from the Medical School.

7) In both August of 1990 and February of 1991, plaintiff requested but was denied readmittance to the Medical School. At the times of his dismissal and requests for reinstatement, plaintiff met the academic and technical standards for readmission to the Medical School.

*Discussion*

A. Count I

In weighing the validity of a motion to dismiss for failure to state a claim upon which relief can be granted, the duty of the court is to consider whether, in the light most favorable to the plaintiff, the complaint is sufficient to state a valid claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Tahir Erk*, 116 F.2d at 869. In the present case, defendant argues that Count I of plaintiff's complaint must be dismissed as a matter of law because it is time-barred by the applicable statute of limitations.

The Rehabilitation Act does not contain a provision specifying a controlling statute of limitations. Neither the Supreme Court, the Fourth Circuit, or a court of this District has addressed the question of what specific statute of limitations controls a claim under the Act. The Supreme Court has held, however, that where a federal civil rights statute does not contain a statute of limitations, "federal courts should select the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987). In both *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and *Goodman*, the Supreme Court held, respectively, that simple, broad characterizations of all § 1983 and § 1981 claims, rather than case by case analyses of the particular facts and form of action presented in each case, best fit the remedial purposes of those statutes. In rejecting the case by case approach, the Court sought to prevent counsel from argu-

ing that two (2) or more periods of limitations should apply to each federal claim, to prevent the application of different statutes of limitation within a single state for the same federal claim and to prevent multiple periods of limitations from applying to the same case. To that end, then, the Court went on to hold in both cases that the respective state statutes of limitation applicable to personal injury actions should apply to all claims brought under § 1983 and § 1981 (rather than potentially more analogous, more specific statutes of limitation available in a particular case.)

The Medical School argues that the most "appropriate or analogous" state statute of limitation in the present case is that contained in the Virginia Rights of Persons With Disabilities Act, Va.Code Ann. Sections 51.5–40 *et seq.*, as amended (hereafter "VIRGINIA ACT").[1] In support of this position, defendant relies on *Eastman v. Virginia Polytechnic Institute and State University*, 732 F.Supp. 665 (W.D.Va.1990) affirmed on other grounds, 939 F.2d 204 (4th Cir.1991).

In *Eastman*, Chief Judge Turk of the Western District of Virginia held that since the Virginia Act is patterned to be consistent with the Rehabilitation Act, the Virginia Act is the most analogous state statute and, accordingly, must be applied to actions under the Rehabilitation Act in Virginia. Defendant gives great weight to the fact that *Eastman* is the only decision by a court in the Fourth Circuit to address the limitations issue as applied to the Rehabilitation Act and that it is, therefore, uncontradicted.[2]

Plaintiff argues that the decision is not legally supportable because the District Court overlooked the Supreme Court's mandate in *Wilson, supra,* and *Goodman, supra,* to the effect that federal law rather than state law governs the characterization of a federal claim for statute of limitations purposes. Had the District Court properly characterized the Rehabilitation Act claim in *Eastman* according to federal law, plaintiff's argument continues, it would not have even had the Virginia Act among its choices for selecting a limitations period. With the Virginia Act outside the range of potential choices, plaintiff concludes that Rehabilitation Act claims are, on the whole, more analogous to personal injury actions than to any other types of actions and that the proper period of limitation is Virginia's two year personal injury limitation. Va. Code Ann. Section 8.01–243(A).

The defendant urges this Court to reject plaintiff's argument for a number of reasons. First, defendant falls back on the District Court opinion in *Eastman* and the fact that it is the sole application of a limitations period in a Rehabilitation Act case in Virginia. The defendant next argues that the concern over multiple periods of limitations which underscored the Supreme Court's decisions in *Wilson* and *Goodman* are inapplicable to claims arising under the Rehabilitation Act because it, in contrast to § 1981 and § 1983, is a relatively recent statute, narrowly and specifically drawn to limit its scope to claims of discrimination on the basis of handicap against recipients of federal funding. Finally, defendant argues that in the absence of controlling authority concerning the appropriate characterization of a Rehabilitation Act claim, the fact that the Virginia Act is almost identical to the Rehabilitation Act in both its requirements and its remedies makes it the "most appropriate" limitations period provided by state law.

1. Section 51.5–46(B) of the Virginia Act sets forth a one (1) year statute of limitations: "An action may be commenced pursuant to this section any time within one year of the occurrence of any violation of rights under this chapter."

2. On appeal, the Fourth Circuit affirmed the District Court's decision in *Eastman* to grant the defendant college summary judgment on the Rehabilitation Act claim. In so affirming, however, the appellate court did not address the limitations issue relied upon by the District Court and instead affirmed on the basis that the relief sought by the plaintiff was unavailable under the Rehabilitation Act. The Court held that the relief issue "offers a single, comprehensive basis for our decision...." *Eastman*, 939 F.2d 204, 295. In addition, one member of the panel filed a one sentence concurring statement stating that he would affirm the District Court's decision on the basis of the limitations issue.

In *Johnson v. Davis*, 582 F.2d 1316 (4th Cir.1978), the Fourth Circuit, in the context of a § 1983. action, was faced with a situation quite similar to that presented in the present case. In that case, in response to the Fourth Circuit decision in *Almond v. Kent*, 459 F.2d 200 (4th Cir.1972) (Holding that all § 1983 actions were to be grouped and valued with actions to redress personal injuries and that, therefore, Virginia's two (2) year personal injury statute of limitations was applicable), the Virginia General Assembly enacted an amendment to Virginia's personal injury statute of limitations specifically designed to shorten the period of limitations for § 1983 actions from two (2) years to one (1) year. The District Court applied the one (1) year statute of limitations to the plaintiff's § 1983 claims and dismissed them as time-barred. The Fourth Circuit reversed, declining to adopt the special limitation period on § 1983 actions because, "[T]he determination of which limitation period would apply should not turn on archaic concepts of survivability of the common law or on the form of the action brought but should instead turn on the primary object of the litigation which is compensation for injury suffered by the person." *Johnson*, 582 F.2d at 1318. The court then went on to reason, alternatively, "... [t]here is no rational basis for distinguishing between § 1983 actions and actions for injury to the person in light of the purposes for which statutes of limitations are generally prescribed. These statutes are statutes of repose.... The facts to be proven, the witnesses to be called to testify, the evidence to be considered are generally the same for § 1983 actions as for state actions brought to compensate for the personal injury underlying the deprivation of federal constitutional rights." *Id.* at 1319.

Section 504 of the Rehabilitation Act was modeled on Title VI of the Civil Rights Act. *See School Board of Nassau County, Florida v. Arline* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). Title VI, like Section 504, does not have a specific statute of limitations. In determining which state statute of limitations applies to Title VI actions, courts have looked to the statute of limitations used in § 1981 and § 1983 actions. *See Chambers v. Omaha Public School Distr.*, 536 F.2d 222 (8th Cir.1976); *Baker v. Bd. of Regents of State of Kansas*, 721 F.Supp. 270 (D.Kan.1989); and *Barcia v. Sitkin*, 89 F.R.D. 382 (S.D.N.Y.1981). The primary object of both Title VI and Rehabilitation Act claims, like § 1981 and § 1983 claims, is to compensate a party for the injury he has suffered due to discrimination. When viewed in this light, again like § 1981 and § 1983 claims, there is no rational reason for distinguishing between Title VI and Rehabilitation Act claims and action for an injury to a person for limitations purposes.

After a review of the pertinent law and the respective arguments of the parties, it is apparent to this Court that the decision upon defendant's motion to dismiss turns on the proper characterization of a claim under the Rehabilitation Act in Virginia. This Court is persuaded that under federal law, a claim under the Rehabilitation Act in Virginia is best characterized for statute of limitations purposes as a claim for an injury to a person and that, accordingly, the two (2) year statute of limitations prescribed in Va.Code Ann. Section 8.01–243(A) applies to such a claim.

Plaintiff last applied for, and was denied, readmission to the Medical School in February of 1991. Plaintiff filed his suit in this case on April 23, 1992. Plaintiff's cause of action under the Rehabilitation Act, therefore, is timely filed under the two (2) year statute of limitations applicable to such actions in Virginia and the defendant's motion to dismiss is DENIED.

In the event that its motion to dismiss Count I was denied, defendant asked this Court to strike plaintiff's request for compensatory and punitive damages, as well as his jury demand, under Count I. *See* Fed. R.Civ.P. 12(f). In light of both the Fourth Circuit's decision in *Eastman* and plaintiff's lack of opposition, the Court GRANTS defendant's motion to strike plaintiff's request for compensatory and punitive damages, as well as his jury demand under Count I.

## B. Count II

Count II of plaintiff's complaint attempts to state a claim for breach of a contract between plaintiff and the Medical School. Defendant moves this Court for a More Definite Statement with regard to Count II. After reviewing Count II as pleaded, the Court finds that plaintiff's allegations are conclusory and factually deficient, and the defendant's motion is therefore GRANTED. Plaintiff must, therefore, within eleven (11) days of the entry of this Order, file a more definite statement which advises the defendant of the factual basis for the creation of a contract and of the policies and procedures alleged to constitute the terms of the contract in Count II. *See* Fed.R.Civ.P. 12(e) [3].

### CONCLUSION

Defendant's Motion to Dismiss Count I of plaintiff's complaint as time-barred is DENIED. Defendant's Motion to Strike Plaintiff's prayer for compensatory and punitive damages as well as trial by jury as to Count I of plaintiff's complaint is GRANTED. Defendant's Motion for a More Definite Statement as to Count II of plaintiff's complaint is GRANTED. Finally, defendant's Motion to Strike plaintiff's claims for compensatory and punitive damages as to Count II is deferred pending the filing of the More Definite Statement.

It is so ORDERED.

---

**3.** Defendant has also moved to strike plaintiff's claims for compensatory and punitive damages from Count II. Plaintiff, in his brief, denies claiming such damages in Count II. Plaintiff does agree, however, that defendant's argument that such relief is unavailable in claims for emotional distress arising from a breach of contract claim is "well taken." Since this Court has ordered plaintiff to make a more definite statement with regard to Count II, it is not necessary to decide this motion at the present time.