**Teresa BERNARD and Simon Muench, Plaintiffs,**

v.

**SCHOOL BOARD OF THE CITY OF NORFOLK, Defendant.**

No. 2:99cv227.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 15, 1999.

Philip C. Barr, Poquoson, VA, for plaintiffs.

Daniel R. Hagemeister, Senior Deputy City Attorney, Noroflk, VA, for defendant.

## ORDER

DOUMAR, District Judge.

Presently before the Court is Defendant's Motion to Dismiss. For the reasons stated below, Defendant's Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL BACKGROUND

Plaintiffs were the parents of a severely disabled boy named Evan Muench ("Evan"). Evan suffered from brain damage, life-threatening seizures and other disabilities. His condition necessitated around-the-clock attendance by a medically trained individual. At the time relevant to the allegations in the complaint, Evan was a student at Willard Elementary School. Due to his disabilities, Evan was eligible to get special services. To provide these services, the school designed an "Individual Education Plan" ("IEP") on May 24, 1994 for the 1994–1995 school year. Plaintiffs approved this plan.

Defendant, the School Board of the City of Norfolk, then proposed a new IEP in late 1995, to which Plaintiffs did not consent. Plaintiffs argue that until the new IEP was approved, the old IEP should have remained in full force. However, Plaintiffs maintain that Defendant began to provide services as if the new IEP had been implemented. For example, in Counts 1 & 2 of the complaint, Plaintiffs allege that Evan should have been given an attendant, with medical training, to ac-

company him both at school and while he traveled on the school bus. Defendant only provided Evan with a teacher's aide, who was not medically trained. Consequently, Plaintiffs provided Evan's transportation to school and insured that he always was accompanied by a medically trained individual while attending classes.

Plaintiffs also allege that Evan was not given the physical therapy (Counts 3 & 4) or the occupational therapy (Counts 5 & 6) as directed in the IEP. Evan's occupational therapist left the school in December 1994. The replacement therapist only saw Evan three times from January to June 1995. Defendant purported to provide occupational therapy through the use of a teacher's aide or a teacher, to which Plaintiffs objected. Defendant also discontinued Evan's physical therapy on April 3, 1995, citing safety concerns. Plaintiffs maintain that Defendant did not follow the appropriate procedure in determining to discontinue that therapy.

Plaintiffs were provided a due process hearing on these and other claims on March 18, 1996. A thirteen-day hearing was conducted. The local hearing officer found for Plaintiffs and Evan on three issues and for Defendant on nine issues. Plaintiff sought state administrative review, excepting to every conclusion of the local hearing officer. That decision, affirming the decision of the hearing officer, was released on February 21, 1997. Evan died on November 22, 1998. Plaintiffs filed this action on February 19, 1999. Plaintiffs raise claims in their complaint under the Individuals with Disabilities Education Act ("IDEA") (Counts 1 and 3), section 504 of the Rehabilitation Act (Counts 2, 4 and 6) and violations of Virginia state regulations (Count 5). Defendant has moved to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. *LEGAL ANALYSIS*

### A. Motion to Dismiss

Defendant argues that all of Plaintiffs' claims should be dismissed because they are barred by the relevant statutes of limitations and that Plaintiffs lack standing to bring the claims. Plaintiffs dispute both of these positions. The Fourth Circuit has held that a motion to dismiss under 12(b)(6) only should be granted in "very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir.1988) (citation omitted). *See also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991). When reviewing the legal sufficiency of a complaint, a court must construe the factual allegations "in the light most favorable to plaintiff." *Schatz*, 943 F.2d at 489 (quotation omitted).

### B. Statute of Limitations

#### 1. *State Regulations*

Plaintiffs have brought the claim in Count 5 under the Regulations of the Board of Education of the Commonwealth of Virginia. These regulations provide for the judicial review of decisions made in the due process hearing regarding a child's IEP and the subsequent state administrative review. Reg. § 3.4(A)(11)(b). This provision allows an aggrieved party to seek review in either a state court or a federal district court "within one year." *Id.; see also* Va.Code Ann. § 22.1–214(D) (1997) (providing for judicial review). The state administrative review in this case was completed on February 21, 1997, but this claim was not brought within a year. Thus, Count 5 is dismissed.

#### 2. *Federal Laws*

Neither the IDEA or the Rehabilitation Act prescribe the appropriate statute of limitations to be applied. When a federal statute does not specify the limitations period, the Court should select an appropriate period from state law. *McCullough v. Branch Banking & Trust*

*Co.*, 35 F.3d 127, 129 (4th Cir.1994). The selection of the statute of limitations follows a two-part analysis. First, the Court should select the state statute most analogous to the federal claim. *Id.; Childress v. Clement*, 5 F.Supp.2d 384, 389 (E.D.Va. 1998). Next, the Court should determine whether the application of that period is consistent with the federal statute and its underlying policies. *McCullough*, 35 F.3d at 129.

### a. *Statute of Limitations for the IDEA*

■ In a recent decision, the Fourth Circuit affirmed the application of the Virginia catch-all statute of limitations for a claim brought under the IDEA. *Manning v. Fairfax County School Board*, 176 F.3d 235, 237 (4th Cir.1999). *See also Huber v. Howard County*, 56 F.3d 61, 1995 WL 325644, *2 (4th Cir. May 24, 1995) (affirming a decision of the District of Maryland to apply Maryland's three year general statute of limitations to a case involving the IDEA). The Court reasoned that there was no analogous statute that could be used, so the catch-all statute of limitations, Va.Code § 8.01–248, was appropriate. *Manning*, 176 F.3d 235, 237.

■ Virginia's general statute of limitations for personal actions "accruing on or after July 1, 1995" is two years. VaCode Ann. § 8.01–248 (Michie Supp.1998). Plaintiffs' action accrued on the date the state administrative review decision was entered, February 21, 1997. This action was commenced on February 19, 1999, within two years of accrual. Therefore, Plaintiffs' IDEA claims in Counts 1 & 3 are timely.

### b. *Statute of Limitations for the Rehabilitation Act*

■ The Fourth Circuit has taken a different approach to claims brought under section 504 of the federal Rehabilitation Act. In those case, the Court should apply the state statute of limitations found in the state rehabilitation act. *See McCullough*, 35 F.3d at 130 (applying the 180–day limitations period contained in the North Car-

olina Rehabilitation Act); *Wolsky v. Medical College of Hampton Roads*, 1 F.3d 222, 224 (4th Cir.1993) (applying the one-year period from the Virginia Rights of Persons with Disabilities Act); *Childress*, 5 F.Supp.2d at 389 (applying the 180–day notice requirement found in the Virginia law); *Carrozza v. Howard County*, 847 F.Supp. 365, 367 (D.Md.1994) (applying the six-month statute of limitations found in the Maryland Rehabilitation Act); *Eastman v. Virginia Polytechnic Institute and State Univ.*, 732 F.Supp. 665, 666 (W.D.Va. 1990) (applying the one-year statute of limitations found in the Virginia Rights of Person with Disabilities Act).

The Virginia Rights of Persons with Disabilities Act provides for a one-year state of limitations and the filing of notice within 180 days. Va.Code Ann. § 51.5–46(B) (Michie 1998). These limitations have been consistently applied to cases brought under section 504 of the Rehabilitation Act. *See Wolsky*, 1 F.3d at 224; *Childress*, 5 F.Supp.2d at 389; *Eastman*, 732 F.Supp. at 666. Since Plaintiffs' claims under the Rehabilitation Act were not filed within one year of the state administrative review decision on February 21, 1997, they are barred. Consequently, Counts 2, 4, and 6 are dismissed.

## C. Standing

■ Plaintiffs' only remaining claims in Counts 1 and 3 have been brought under the IDEA. Defendant argues that Plaintiffs are not appropriate parties to bring these claims. Specifically, Defendant maintains that the IDEA is intended to guarantee certain educational rights and opportunities to a student and bestows no rights upon the parents of that student. In other words, Defendant contends that Plaintiffs lack standing to bring the claims.

Article III of the United States Constitution provides that federal courts only shall have jurisdiction over "cases" and "controversies." U.S. Const. art. III, § 2. Standing is a jurisdictional doctrine designed to ensure that there is always a

case or controversy pending before the court. Since the concept of standing is derived from the Constitution, there are specific constitutional requirements which must be met in order for a plaintiff to establish standing.

To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.

*Bennett v. Spear,* 520 U.S. 154, 117 S.Ct. 1154, 1160, 137 L.Ed.2d 281 (1997) (citing *Lujan,* 504 U.S. at 560–61, 112 S.Ct. at 2136; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471–72, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)). *See also Hays,* 115 S.Ct. at 2435, 132 L.Ed.2d at 643.

■ In addition to the above constitutional requirements, a plaintiff also must meet some prudential requirements of standing. *Bennett,* 117 S.Ct. at 1160, 137 L.Ed.2d at 295 (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)). These requirements are "judicially self-imposed limits of the exercise of federal jurisdiction." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Over time, several prudential considerations. Two of these considerations are relevant to Plaintiffs' claims. First, a plaintiff must assert his own rights, not the rights or interests of a third person. *Warth,* 422 U.S. at 500–1, 95 S.Ct. at 2206. Another consideration is that when a challenge is made to a statutory or regulatory provision, the plaintiff must raise a claim which is within the "zone of interests" protected by the statute. *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 287, 112 S.Ct. 1311, 1328, 117 L.Ed.2d 532 (1992).

### 1. *Constitutional Requirements*

■ The first requirement of standing is an "injury in fact." An injury in fact is the "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560, 112 S.Ct. at 2136 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (internal quotation marks omitted)). So long as the plaintiff alleges that an actual and particularized injury has occurred, or will occur, he has met his burden to survive a motion to dismiss. In this case, Plaintiffs have alleged an injury in fact. Broadly construing the complaint in their favor, Plaintiffs maintain that they were required to make expenditures due to Defendant's failure to provide the needed services for their son. Obviously, a monetary loss is an injury in fact.

■ The second constitutional requirement for standing is that there be a causal connection between the alleged injury and the defendant's actions. This requirement does not mean that the defendant personally must have caused the injury to the plaintiff or have taken the last action which affected the plaintiff. It is enough that the defendant influenced a third party who caused the plaintiff's injury. *Bennett,* 117 S.Ct. at 1164. However, the injury must not be the result of an independent action of a third party. *Id.; Lujan,* 504 U.S. at 560–561, 112 S.Ct. at 2136; *Simon v. Eastern Ky. Welfare Rights Organ.,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Plaintiffs have alleged that Defendant is responsible for their damages. Plaintiffs maintain that Defendant chose not provide an attendant with medical training nor provide appropriate occupational therapy. As a result of Defendant's failure to provide the needed services, Plaintiffs made the expenditures to assure proper treatment of their son.

■ The final constitutional requirement is that there must be a "substantial likelihood" that the injury will be redressed by a favorable decision. This must be more than mere speculation.

There is no doubt that if Plaintiffs receive the moneys they have demanded in these counts, they will be made whole. Plaintiffs have alleged sufficient facts to support a finding that they have constitutional standing to bring this case.

### 2. *Prudential Considerations*

Despite the fact that Plaintiffs have satisfied the constitutional minimums for standing to proceed, Plaintiffs still may lack standing if certain prudential concerns are applicable. These prudential considerations for standing have developed to promote judicial efficiency. One is that a plaintiff must assert his own rights, not the rights or interests of a third person. Another is that the plaintiff must raise a claim which is within the "zone of interests" that is protected by the statute. *See Warth,* 422 U.S. at 500–1, 95 S.Ct. at 2206; *Hays,* 115 S.Ct. at 2435; *Holmes,* 503 U.S. at 287, 112 S.Ct. at 1328.

First, a plaintiff must assert his own rights, not the rights or interests of a third person. *Warth,* 422 U.S. at 500–1, 95 S.Ct. at 2206. This is where Defendant argues that Plaintiffs do not have standing. Defendant argues that the claims are to vindicate the educational rights of Plaintiffs' deceased son, not Plaintiffs' own claims. However, this is not the case. Although Plaintiffs' claims stem from alleged violations of their son's rights, Plaintiffs are asserting their own rights to be compensated for the moneys they expended due to Defendant's refusal to meet their son's needs. Plaintiffs are not asserting any claims on behalf of their son.

Another prudential consideration requires that the plaintiff be within the "zone of interests" that the challenged statute is designed to protect. *Holmes,* 503 U.S. at 287, 112 S.Ct. at 1328. The Court must determine if "the plaintiff is within the class of persons sought to be benefitted by the provision at issue." *Id.* Plaintiffs, as parents of a handicapped child, are within the "zone of interests" of the IDEA. The language of the statute often refers to the rights of the parents and guardians. In the Congressional statements and declara-

tions of the IDEA, Congress found that "because of lack of adequate services within the public school system, families are often forced to find services outside the public school system, often at great distance from their residence and at their own expense." 20 U.S.C.S. § 1400(b)(6) (1998). Moreover, Congress stated that the purpose for the statute was to "assure that the rights of handicapped children and their parents or guardians are protected. . . ." 20 U.S.C.S. § 1400(c) (1989). Additionally, in the definition section of the statute, "special education" was defined as "specially designed instruction, at no cost to parents or guardians. . . ." 20 U.S.C.S. § 1401(a)(16) (1989).

Moreover, courts have allowed parents to recover for expenditures that they have made due to improper decisions by the school authorities under the IDEA. *School Committee of Burlington v. Department of Education of Massachusetts,* 471 U.S. 359, 370, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985); *Doe v. Board of Education of Baltimore County,* 165 F.3d 260, 261 (4th Cir.1998); *Hall v. Vance County Board of Education,* 774 F.2d 629, 632 (4th Cir. 1985). However, courts have expressly forbidden to allow parents represent the child's interests pro se or allow and attorney-parent recover attorneys' fees. *Doe,* 165 F.3d at 261; *Collinsgru v. Palmyra Board of Education,* 161 F.3d 225, 235 (3rd Cir.1998). The courts have concluded that although the IDEA bestows procedural rights upon parents, "the child, not the parents, is the real party in interest in any IDEA proceeding." *Doe,* 165 F.3d at 262. *See also Collinsgru,* 161 F.3d at 235; *Hall,* 774 F.2d at 632.

In this case, Plaintiffs are invoking their procedural rights as protected by the IDEA. Although recovery on their claims requires a determination of the substantive rights of the deceased child, that does not mean that they are seeking to vindicate the child's rights. Without a reversal of the local hearing and the state review decisions, Plaintiff's expenditures would not be

reimbursable. Plaintiffs are not attempting to recover for any injury suffered by their son, only for the money they spent in response to Defendant's actions.

### III. *CONCLUSION*

For the reasons stated above, Counts 2, 4, 5 and 6 are **DISMISSED** as barred by the statutes of limitations. Defendant's Motion to Dismiss as to Counts 1 and 3 is **DENIED**. The Clerk is **DIRECTED** to provide copies of this Order to Plaintiff and counsel for Defendant.

**IT IS SO ORDERED.**